BIERNBAUM et, d. b. a. MARION ASSOCIATES, Plaintiffs-Appellants, v. MIDWEST OIL & GAS COMPANY, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5917.   Decided March 3, 1959.

Gingher & Christensen, Malcolm L. Miller, George D. Massar, of Counsel, Columbus, for plaintiffs-appellants.

Knepper, White, Richards, Miller & Roberts, Grant S. Richards, Milton Bartholomew, of Counsel, Columbus, for defendants-appellees.

## OPINION

By BRYANT, J.

This is an appeal on questions of law from a judgment of the Common

Pleas Court of Franklin County. Sam Biernbaum and ten others doing business as Marion Associates, plaintiffs-appellants herein, will be referred to as plaintiffs. The Midwest Oil & Gas Company, defendant-appellee herein, will be referred to as the defendant. The petition, omitting the caption, signature and verification is as follows:

"Plaintiffs say that defendant is a corporation organized and existing under and by virtue of the laws of the State of Ohio; that on or about the 11th day of October, 1954, plaintiffs and defendant executed a certain written instrument, being a participation and profit-sharing agreement in an oil and gas lease, whereby plaintiffs acquired an undivided one-fourth interest in the production of a certain oil and gas lease known as Parker Mack Well No. 1 for the sum of Three Thousand Dollars ($3,000.00); that plaintiffs paid to defendant said sum of Three Thousand Dollars ($3,000.00), and that on or about the 9th day of December, 1954, plaintiffs paid to defendant the further sum of Four Thousand Two Hundred Sixty-eight Dollars ($4,268.00) as their pro rata share of equipping said well as provided in said agreement.

"Plaintiffs further say that defendant has not registered said participation and profit sharing agreement representing a fractional interest in said Parker Mack Well No. 1 with the Division of Securities, State of Ohio, as is required by **Chapter 1707 R. C.**; that plaintiffs have tendered said agreement and the interest represented thereby to defendant in person and demanded that defendant refund to them the sum of Seven Thousand Two Hundred Sixty-eight Dollars ($7,268.00), and that defendant has refused to comply with said demand.

"WHEREFORE, plaintiffs pray for judgment against defendant in the sum of Seven Thousand Two Hundred Sixty-eight Dollars ($7,268.00) and for their costs herein expended."

To this petition, defendant filed an answer, which omitting the caption and verification and the prayer for dismissal, is as follows:

"Defendant admits that it is a corporation organized and existing under and by virtue of the laws of the State of Ohio, that 'Marion Associates,' by Allen Fireman (Mgr.), had a transaction with the defendant corporation whereby said 'Marion Associates' acquired an undivided one-fourth interest in the production of an oil and gas well; that on October 12, 1954, the defendant corporation received $3,000.00 from 'Marion Associates' and, on December 13, 1954, received the further sum of $4268.50 therefrom; that the defendant corporation did not register any participation and profit sharing agreement in said oil and gas well with the Division of Securities of the State of Ohio; that the plaintiffs have tendered to the secretary of the defendant corporation a printed, typewritten and written document and have demanded the payment to them of the sum of Seven Thousand Two Hundred Sixty-Eight and no/100 Dollars ($7,268.00); and that the defendant refused to comply with said demand.

"Further answering, the defendant says that if the defendant violated any provision of law in connection with the transactions between 'Marion Associates' and the defendant corporation, such violation did **not materially affect the protection contemplated by such violated provision.**

"Defendant denies each and every, all and singular the statements contained in plaintiffs' petition, save and except such as are herein expressly admitted to be true." (Emphasis added.)

Plaintiffs' reply consisted of a denial of all allegations in the answer that were not admissions of allegations contained in the petition.

The matter came on for hearing before the Common Pleas Court where counsel for plaintiffs said they were bringing the action under the provisions of the Ohio Securities Act, being §1707.01 et seq, R. C., and specifically under §1707.43 R. C., which section reads in part as follows:

"Every sale or contract for sale made in violation of §§1707.01 to 1707.45, inclusive, R. C., is voidable at the election of the purchaser. The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to such purchaser, in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by such purchaser and for all taxable court costs, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision."

The concluding paragraphs of said section require actions to be brought within two years and deny recovery to any purchaser who fails to answer within thirty days thereafter an offer made to refund the full amount paid by such purchaser. No question is made of the time within which the action was brought nor is there any claim that anyone refused to accept a refund of the purchase price.

The principal matter in dispute seems to turn upon the application, meaning and effect of the phrase

"* * * unless the court determines that the violation did not materially affect the protection contemplated by the violated provision." (Emphasis added.)

On behalf of the defendant it is admitted that the defendant did not register the agreement in question with the Securities Division of Ohio but the defendant claims that such failure on its part "did not materially affect the protection contemplated by such violated provision."

On the day of the hearing in the lower court, counsel for plaintiffs made a recital of the facts, as contended for by plaintiffs, most of which are not in dispute. This was followed by a statement by counsel for the defendant, a considerable portion of which was devoted to the meaning of the words, "unless the court determines that the violation did not materially affect the protection contemplated by the violated provision," contained in §1707.43 supra, R. C.

At this point counsel for plaintiffs moved for a judgment on the pleadings and on the opening statement of counsel on the ground that in them were contained admissions of all the material allegations of the petition. Whereupon counsel for the defendant moved for judgment for the defendant on the pleadings. The court took both motions under advisement and called upon plaintiffs to submit their evidence and plaintiffs at that point rested their case contending that in light

of the admissions in the answer and the opening statement, the burden of going forward was upon the defendant. Defendant renewed its motion for judgment on the pleadings, whereupon the court, after a recess, overruled the motion of defendant for judgment on the pleadings. It was then the opinion of the court below that it did not "have before it at this time the matter of determining the violation as it materially affects the person contemplated to be protected by the Securities Act." (Record, p. 16). The court stated with reference to the defendant that "it would have the burden of proof to show that the admitted violation did not violate the rights of the parties." (Record, p. 16, lines 12 through 14.)

Motion of plaintiffs for judgment on the pleadings and the opening statements of counsel for the defendant was overruled and defendant was directed to proceed with any testimony "that will tend to show the applicability of the last phrase of the first paragraph of §1707.43 R. C." (Record, p, 16, lines 17 through 19.)

Exceptions were taken to the rulings and defendant then moved that the petition be dismissed on the ground that plaintiff offered no testimony or evidence in support thereof, which motion was also overruled.

At this point the defendant called Allen Fireman, one of the plaintiffs, and the one who verified the petition. Fireman identified the several plaintiffs and told of actions taken by them and who told of a visit to the Securities Division of Ohio "after the well was drilled in." (Record, p. 24, 1.14.)

Fireman also told of his previous experience in investing in oil and gas well drilling operations which at page 36 of the record, lines six through twelve, this testimony was given on recross-examination:

"Q. Will you tell the Court how the failure to register this well has materially affected your rights? Give me one example—one example— tell the Court how your rights have been affected by the failure to register this well."

"A. Well, sir, I can't tell you what I would have done if I would have seen the registration. That is and if, and I don't know what I would have done."

With the testimony concluded there was further argument, whereupon the court (Record, p. 40) stated,

"* * * the Court is unable at this time to say and to determine that the violation of the registration provision of the Securities Act materially affected the protection contemplated by the violated provision. * * *"

The Court continues:

"The Court does not feel that the case is in such condition that final judgment should be given either side on anyone's motion to date. The Court does feel that the motion made is in effect a demurrer to the allegations in the petition. The Court feels that if it is considered to be a demurrer, that it should be sustained. Namely, that as now set forth in the petition, there is no showing of a cause of action. The Court will, therefore, sustain the motion of the Defendant as a demurrer made to the petition as it now stands, and the Court will permit the Plaintiff to file an amended petition with other necessary pleadings, and to continue this case for further hearing."

The two errors assigned are as follows:

"FIRST ASSIGNMENT OF ERROR. The trial court erred in over-ruling plaintiffs' motion for judgment at the close of the opening statements."

"SECOND ASSIGNMENT OF ERROR. The trial court erred in sustaining defendant's motion for judgment considered as a demurrer to plaintiffs' petition."

Coming now to consider the issues presently before this court, it is difficult to follow the reasoning of the court below. At one time in the proceedings when the petition, answer, reply and opening statements of counsel only were before the lower court, it appears that that court found the allegations of the petition to be sufficient and correct and that they clearly set forth a violation of §1707.03 supra, R. C. At page 15 of the record, lines six through eighteen, the court said:

"The Court has before it only, of course, the pleadings and the proposed opening statements of counsel. There is an allegation in the petition that there was a violation of this chapter of the Securities Act of the Code, in that the Defendant failed to register the participation and profit-sharing agreement described in the petition. According to §1707.3 R. C., every sale, or if there is a sale made in violation of the various sections of this Chapter on Securities, it is voidable at the allegation of the purchaser. The petition clearly alleges such a violation and allegation to void the sale, and has requested for the return of the money upon the proper tender of the securities."

Only one witness was called, Allen Fireman, a plaintiff, called by defendant for cross-examination. Yet at the conclusion of his testimony, the court held that the allegations of the petition were insufficient. In the record at page 40, lines one through twenty-two, the court held as follows:

"I think the Court at this time will rule on this motion in this way. The Court has requested the Defendant here to go forth with the burden and to show or submit evidence or information on the applicability of the last phrase in the first paragraph of §1707.43 R. C. At this juncture in the case, with the Plaintiff only having been on the stand as on cross examination, the Court is unable at this time to say and to determine that the violation of the registration provision of the Securities Act materially affected the protection contemplated by the violated provision. The Court does not feel that the case is in such condition that final judgment should be given either side on anyone's motion to date. The Court does feel that the motion made is in effect a demurrer to the allegations in the petition. The Court feels that if it is considered to be a demurrer, that it should be sustained. Namely, that as now set forth in the petition, there is no showing of a cause of action. The Court will, therefore, sustain the motion of the Defendant as a demurrer made to the petition as it now stands, and the Court will permit the Plaintiff to file an amended petition with other necessary pleadings, and to continue this case for further hearing."

If the court below was correct in holding the burden of proof had shifted to the defendant and, we believe the court was correct in that

ruling, the question therefore properly before the court is whether or not in light of all the record as it then stood including pleadings, opening statements and evidence, the defendant had maintained the burden of proof and had shown to the court that the admitted violations "did not materially affect the protection contemplated by the violated provision." (See §1707.43 supra, R. C.)

All parties seem to agree that the agreement entered into was a security and that it should have had the approval of the Securities Division before being sold. We do not believe that a violation such as this can be regarded lightly, but on the contrary, that unless the defendant is able to show that there was no relevant connection between the protection intended by the Securities Act and the violation in question, that the defendant shall be held liable under the provisions of the said §1707.43 supra, R. C.

In the state of the record as it is now before us, it was the duty of the court below to determine whether or not the defendant had sustained the burden of proof upon him and this the court did not do. That being the case, the second assignment of error is well taken and must be sustained. From what has been said it is our opinion that the first assignment of error is not well taken. This is for the reason that in the answer of the defendant, the defense of non-materiality of the violation to the protection intended is raised and proof of that could constitute a complete defense, and this allegation was put in issue by the reply on the part of the plaintiffs. Hence, the first assignment of error must be overruled.

For the reasons above set forth the judgment of the court below is reversed and the cause remanded for further proceedings according to law.

MILLER and DUFFY, JJ, concur.