EASTMAN, APPELLEE, *v.*
BENCHMARK MINERALS, INC.;
HILLMAN, APPELLANT.

(No. 86AP-460—Decided
December 23, 1986.)

*Isaac, Brant, Ledman & Becker*
and *David H. Meade,* for appellee.
*Gayton, Tilton & Endres* and
*Charles W. Gayton,* for appellant.

STRAUSBAUGH, J. This is an appeal
by defendant, Steven Hillman, from a
judgment of the Court of Common
Pleas of Franklin County finding him
liable to plaintiff, Robert H. Eastman,
in the amount of $10,000, plus interest
and costs.

This action arose out of the pur-
chase of ten shares of stock in Bench-
mark Minerals, Inc., on January 12,
1981. Defendant aided in this sale of
stock to plaintiff, which shares of stock
were never registered or exempted
from registration with the Ohio Divi-
sion of Securities. Plaintiff sought re-
covery of his purchase price, plus inter-
est and costs.

Plaintiff's brother, Don Eastman,
had commenced a legal action for re-
scission of a sale of stock occurring in
May 1981, also naming Hillman and
Benchmark Minerals, Inc., as defen-
dants. Hillman, defendant herein, filed
a third-party complaint against plain-
tiff, seeking indemnity from plaintiff
for any judgment. Defendant obtained
a default judgment against plaintiff in
that action.

In his answer, defendant asserted
that plaintiff's suit was barred by both
*res judicata* and the statute of limita-
tions. The trial court determined that
plaintiff's claim against defendant was
a permissive and not a compulsory
counterclaim and therefore was not
barred by *res judicata.* Also, the trial
court held that plaintiff's action was
timely brought and it awarded judg-
ment to plaintiff. Plaintiff was also
awarded a default judgment against
Benchmark Minerals, Inc.

Defendant asserts the following
three assignments of error:

"1. The judgment in case No.
83CV-03-1818 is *res judicata* to the ap-
pellee's action because this action rep-
resents a mandatory counterclaim un-
der Rule 13(A) of the Ohio Rules of
Civil Procedure that should have been
asserted in the prior action.

"2. The court erred by overruling
defendant's motion for summary judg-
ment based upon the bar of the statute
of limitations, due to the fact that as a
matter of law the plaintiff was charged
with knowledge of the fact that the
stock exemption form 3-O had not been
filed when he participated in the sale of
said stock to his brother in May, 1981,
as well as when the plaintiff/appellee
became a director in Benchmark Min-
erals, Inc. in September of 1981.

"3. The court erred in finding
that the defendant was in violation of

section 1707.43 of the Ohio Revised Code when he aided in the sale of the stock of Benchmark Minerals, Inc. to the plaintiff.''

In his first assignment of error, defendant contends that the prior civil action terminated in his favor was *res judicata* to plaintiff's action. He contends that plaintiff's present action was a compulsory counterclaim to the prior action involving defendant and plaintiff's brother.

Civ. R. 13(A), which defines a compulsory counterclaim, provides that:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.''

The Ohio version of Civ. R. 13(A) is identical to Fed. R. Civ. P. 13(a). Although several tests have been suggested, primary focus is attached to a flexible test of reviewing the transaction to determine whether there is any logical relationship between the claim and the counterclaim. Wright & Miller, Federal Practice and Procedure (1971) 42, Section 1410; McCormac, Ohio Civil Rules Practice (1970) 176, Section 8.04.

Here, the two claims against defendant filed by plaintiff and plaintiff's brother arose out of two separate transactions. Plaintiff purchased his stock in January 1981 while plaintiff's brother purchased his stock in May 1981. Additionally, plaintiff's cause of action against defendant was based upon defendant's failure to register the stock with the Ohio Division of Securities for an exemption. Therefore, the two suits might not involve identical issues of law and fact. Therefore, the two actions or claims did not arise out of the same transaction.

Inasmuch as plaintiff's suit did not arise out of the same transaction as the other suit, it did not constitute a compulsory counterclaim. Accordingly, plaintiff's failure to assert the counterclaim in the other action is not *res judicata* and is not a bar to the present action.

Defendant's first assignment of error is overruled.

In his second assignment of error, defendant urges it was error for the trial court not to grant him a summary judgment based on plaintiff's claim being barred by the two-year statute of limitations. Defendant argues that, as a matter of law, by becoming a director of Benchmark plaintiff was charged with the knowledge that the stock exemption form 3-O had not been filed.

Defendant cites no case law for his proposition that, as a matter of law, R.C. 1707.44(C)(1) imputes knowledge to plaintiff as to whether the stock is registered or the exemption filed. There is also no case law cited holding that plaintiff, merely by becoming a director, was charged with knowledge regarding the registration or exemption of the stock.

Although members of a board of directors may have, by the nature of their position, extensive knowledge of all aspects of the corporation, whether a director has actual knowledge must be determined on a case-by-case basis according to the facts. Frequently, directors rely on the expertise of a corporation's officers that the corporation

is in compliance with statutes and regulations.

In the absence of a factual background which shows that a shareholder knew that shares of stock were not properly registered or exempted, the two-year statute of limitations provided in R.C. 1707.43 begins to run upon the actual discovery of the defect. Here, the trial court held that defendant failed to show that plaintiff knew or should have known of the failure to register. Therefore, it was not error to hold that plaintiff's claim was timely filed.

Defendant's second assignment of error is overruled.

Defendant's final assignment of error, that he was not in violation of R.C. 1707.43, is also not well-taken.

Defendant contends that a finding of liability will create strict liability for innocent employees of a corporation who aid in the sale of stock. However, no such rule of strict or absolute liability is created regarding corporate employees who assist in the sale of stock. Here, defendant was more than an innocent employee; he was an officer of the corporation who had particularized and intimate knowledge of all aspects of the corporation, which fact pattern permits a trial court to consider whether plaintiff was damaged by defendant's failure to register the shares of stock or receive an exemption.

Defendant's third assignment of error is overruled.

Defendant's three assignments of error are overruled, and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

TYACK and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.