### Gounaris v. Apple
*[Cite as 2 AOA 71]*

Case No. 11556
*Montgomery County, (2nd)*
*March 6, 1990*

R.C. 1707.43
R.C. 1707.44

*Jacob A. Myers, 600 IBM Building, Dayton, Ohio 45402, Attorney for Plaintiff-Appellee.*

*Philip B. Herron, 333 West First Street, Suite 470, Dayton, Ohio 45402, Attorney for Defendant-Appellant.*

BROGAN, J.

Appellant, Gary Yagley, appeals from a summary judgement granted in favor of appellees, Dino Gounaris, Martha Leonard and Jacqueline Jackson. Yagley was found liable for violations of the Ohio Securities Act. R. C. 1707 *et seg.*

On June 22, 1983, appellees filed their complaint against Yagley, William Apple and Imperial House, Inc. Apple was dismissed after declaring bankruptcy and Imperial House, Inc. possesses no assets and is unrepresented on appeal. In the complaint, each plaintiff alleged the purchase of unregistered common stock in Imperial House, and claimed the right to

rescission and judgment in the amount of the purchase price of the stock pursuant to R.C 1707.43, plus interest from the date of purchase, January 15,1980. Gounaris claimed damages of $30,000, Leonard $6,690 and Jackson, $7,000. Each plaintiff claimed that they neither knew nor had reason to know that the securities were not registered until November of 1982.

The defendants filed an answer on August 4,1983 and an amended answer on August 29,1983. In their amended answer, defendants set forth a number of affirmative defenses including accord and satisfaction, estoppel, laches, statute of frauds and statute of limitations.

On July 19,1985, the defendants filed a motion for summary judgment along with the affidavits of Apple and Yagley. Essentially, the defendants argued that although the Imperial House, Inc. stock was not registered as mandated by R.C. 1707.44 (C)(1), none of the parties plaintiff were materially denied the protection contemplated by the registration requirement. This argument was based on the fact that at the time of the stock purchase in question, each party was already a shareholder and thus privy to information far more detailed than that required to be included on a registration statement. Therefore, the failure to register the Imperial House, Inc. stock could not have materially affected the protection contemplated by the registration requirement.

Further, at the time of the stock sale, Gounaris was a member of the board of directors of Imperial House, Inc. affidavit, Yagley averred that "[a]s a director of Imperial House, Inc., Dino J. Gounaris participated in decision to issue the shares of stock sale to each of the Plaintiffs." The defendants argued that Gounaris was stopped from seeking rescission of the sale by virtue of intimate involvement therewith.

On June 12,1987, prior to the issuance of a decision on defendants' motion, the case was dismissed without prejudice pending the outcome of the aforementioned bankruptcy proceedings. On June 8,1988, the case was reinstated.

Plaintiffs filed for summary judgment on March 10,1989. They contended that as a matter of law, the failure to qualify for an exemption from or to comply with the statutory registration requirement dictated a rescission of the stock sale and full restitution to each purchaser. In his supporting affidavit, Gounaris averred:

"4. I have no specific personal recollection of voting for the issuance of the shares of stock in dispute in this case. I had nothing to do with the decision to sell the stock; it was proposed to the board and shareholders by William Apple.

"5. I do recall that no mention of stock registration was ever discussed at any corporate meeting that I attended.

"6. I did not know or have reason to know that the securities issued by Imperial House, Inc. and purchased by myself and others, on or about January 15,1980, were not registered until approximately November, 1982. I assumed that all legal matters were taken care of by the President of the Corporation."

Documents filed in support of plaintiffs' motion indicate that both Jackson and Leonard exchanged their shares for promissory notes by Imperial House, Inc. which contained the following provision: "If any default occurs in the making of the payment, and it is not corrected in ninety days, after receiving written notice of the default, [your] shares of Imperial House, Inc. stock will be returned to you." On January 15,1983, both Jackson and Leonard sent a letter to Imperial House, Inc. constituting written notice of default on their respective notes and requesting return of their shares. Imperial House, Inc. responded that it would not return the stock certificates "inasmuch as the Company is in the process of liquidation."

In his response to plaintiffs' motion for summary judgment, Yagley argued that Gounaris's cause of action was barred by the 2 year statute of limitations set forth in R.C. 1707.43. Citing his own and Gounaris's affidavit, Yagley argued that it was undisputed fact that at the time of the stock sale, Gounaris was an acting director of Imperial House, Inc. and by reason of his directorship, knowledge of the non-registration of the stock could be imputed to Gounaris at the time of the sale. Because his action was instituted more than 2 years after the sale, appellant argues Gounaris's action was time barred. Alternatively, Yagley argued that at the very least, the pleadings, motions and supporting evidence evinced questions of fact regarding whether and when Gounaris knew of the non-registration of the stock.

Regarding the claims of Jackson and Leonard, Yagley argued that they could not meet the condition precedent to rescission and restitution: tender of their stock certificates. This was true because Jackson and Leonard had traded their certificates for promissory notes. Therefore, appellant argues their actions are properly upon the notes rather for rescission and restitution.

On April 18,1989, the trial court granted plaintiffs' motion for summary judgment. Yagley

filed the instant appeal on April 20, 1989. Several hours following the filing of this appeal, plaintiffs filed a motion for clarification and modification of judgment, requesting prejudgment interest from the date of stock purchase. The trial court overruled this motion finding itself divested of jurisdiction while an appeal was pending. Plaintiffs filed their cross-appeal on May 17, 1989.

Appellant Yagley assigns as error the grant of summary judgment in favor of Gounaris, Jackson and Leonard.

Summary judgment may not be granted unless: "(1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; (3) reasonable minds could come to only one conclusion and that being adverse to the party against whom the motion for summary judgment is made." Civ. R. 56(C); *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317. We are mindful of the constraints upon our review of this matter, which preclude us from weighing the evidence and dictate that we construe the evidence most strongly in Yagley's favor.

The Ohio securities regulation statutes are found in R.C. 1707.01 *et seq.* Of particular significance to this appeal are R.C. 1707.43 and R.C. 1707.44. R.C. 1707.43 states, in pertinent part:

"§1707.43 Remedies of purchaser in unlawful sale. Every sale or contract made in violation of Chapter 1707. of the Revised Code, is voidable at the election of the purchaser. The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to such purchaser, in an action at law in any court of competent jurisdiction upon tender to the seller in person or in open court of the securities sold or of the contract made for the full amount paid by such purchaser and for all taxable court cost, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision."

The alleged violation in this case is the breach of R.C. 1707.44, which reads as follows:

"(C) No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1) Is not exempt under section 1707.02 of the Revised Code, nor the subject matter of one of the transactions exempted in sections 1707.03, 1707.04, and 1707.34 of the Revised code, has not

been registered by description, coordination, or qualification, and is not the subject matter of a transaction that has been registered by description; * * *."

The statute of limitations upon an action for sale of securities in violation of R.C. 1707.01 *et seq.* is set forth in R.C. 1707.43:

"No action * * * shall be brought more than two years after the plaintiff knew, *or had reason to know,* of the facts by reason of which the person or director were unlawful, or more than four years from the date of such sale or contract for sale, whichever is the shorter period." (Emphasis ours).

Yagley argues that because Jackson and Leonard were employees of Imperial House, Inc. and Gounaris was on the board of directors of that corporation, they were not members of the purchasing public subject to the protection of R.C. 1707.43. Rather, appellees should be considered "corporate insiders." Therefore, as to these individuals, the failure of Yagley to register the Imperial House securities could not have materially affected the protection generally contemplated by securities registration. It follows that the violation of R.C. 1707.44 did not operate to trigger the protection offered by R.C. 1707.43.

In *Bronaugh* v. *R&E Dredging Co.* (1968), 16 Ohio St. 2d 35, the Supreme Court held:

"Under Section 1707.43, Revised Code, the purchaser of a security of sold in violation of any provision in Chapter 1707 Revised Code *** is entitled to restitution of his purchase price unless the violation is of such al nature as not to materially affect the protection contemplated by the violated provision."
(*Bronaugh, supra,* syllabus 1).

The *Bronaugh* Court reviewed a judgment in favor of plaintiff permitting him to recover the purchaser price of ten unregistered shares of defendant's stock. Defendant in that case, as here, urged reversal for a trial court determination of whether the violation (*i.e.* non-registration), materially affected the protection contemplated by the violated provision. (*Id.* at 40). In affirming the judgment, the Supreme Court observed that "[s]uch a determination is necessarily a question of law and can properly be resolved by this." (*Id.* at 40-41).

The more recent case of *Pencheff* v. *Adams* (1983), 5 Ohio St. 2d 153 further refined the legal implications of a violation of R.C. 1707.44(C) (1), failure to register non-exempt corporate securities. The *Pencheff* Court held in its syllabus: "Failure to comply with R.C. 1707.44(C) (1) materially affects the protection contemplated

by that provision and entitles a purchaser of unregistered securities to the relief provided under R.C. 1707.43." This was true as a matter of law despite the fact that at the time he purchased the securities at issue, Pencheff was aware of the non-registration of the securities.

In light of the above-cited case law, even assuming *arguendo* the correctness of Yagley's contention that appellees knew or should have known of the fact of non-registration at the time they purchased their Imperial House shares, it is highly questionable whether Yagley could prevail upon this court to reverse the judgement of the trial court on the grounds that the violation of R.C. 1707.44(C)(1) did not materially affect the protection contemplated by the registration requirement.

However, as to appellee Gounaris, we find that we need not decide this case on the issue of whether he was materially affected by the failure of Yagley to register the Imperial House shares. This is true because we are persuaded by Yagley's second argument with respect to Gounaris.

Yagley contends that the trial court failed to consider his statute of limitations argument against Gounaris. He asserts that consideration of his affidavit in conjunction with that of Gounaris raises a question of fact regarding what Gounaris knew about the non-registration of the stock and when he knew it. Gounaris points out that although Yagley's affidavit contains the statement, "as a director of Imperial House, Inc., Dino J. Gounaris participated in a decision to issue the shares of stock for sale to each of the Plaintiffs", nowhere in that affidavit does Yagley allege that Gounaris *knew* that such shares were unregistered. Thus, argues Gounaris, Yagley's proof is insufficient to rebut Gounaris's assertions, contained in his own affidavit, that he had no knowledge that the shares were unregistered at the time of purchase.

In response to Gounaris's argument, Yagley asserts that we should impute as a matter of law the requisite knowledge to Gounaris by virtue of his position as director on the board of Imperial House, Inc. at the time of his purchase.

In a rather confusing holding, the Franklin County Court of Appeals held that by becoming a director of a corporation an individual is not imputed to know whether that corporation is in compliance with all statutes and regulations governing that corporation. *Eastman* v. *Benchmark Minerals, Inc.* (1986), 34 Ohio App. 3d 255.

In *Eastman*, the plaintiff brought an action against the defendant for recovery of the purchase price of ten shares of stock in Benchmark. The defendant asserted that the plaintiff's claim was barred by the two year statute of limitations provided at R.C. 1707.43 because the defendant claimed the plaintiff, as a matter of law, by becoming a director of Benchmark was charged with knowledge that the stock exemption form had not been filed.

The *Eastman* court affirmed the judgement in favor of plaintiff pursuant to the following reasoning:

"Although members of a board of directors may have, by the nature of their position, extensive knowledge of all aspects of the corporation, whether a director has actual knowledge must be determined on a case-by-case basis according to the facts. Frequently, directors rely on the expertise of a corporation's officers that the corporation is in compliance with statutes and regulations. In the absence of a factual background which shows that ·a shareholder knew that shares of stock were not properly registered or exempted, the two-year statute of limitations provided in R.C. 1707.43 begins to run upon the *actual* discovery of the defect. Here, the trial court held that defendant failed to show that plaintiff knew or should have known of the failure to register. Therefore, it was not error to hold that plaintiff's claim was timely filed." (Emphasis ours). (*Eastman, supra* at 257-258).

The *Eastman* holding is confusing because the court of appeals appears to require "actual" knowledge on the part of the purchaser to begin the running of the two year statute of limitations. R.C. 1707.43 clearly permits the statute of limitations to begin to run when the purchaser was on "constructive notice" that the seller of the securities had failed to comply with the registration requirements of the law.

In *Severance* v. *Pointer et al.* (Sept. 28, 1988), Franklin App. 87-AP-1118, the Franklin County Court of Appeals clarified its earlier holding in *Eastman*. In this case, the Court of Appeals reversed a trial court judgment which found that a matter of law the plaintiff purchaser knew or had reason to know of the facts underlying the securities violation because he was a sophisticated investor and a director of the corporation at the time of the issuance of the corporate securities. Judge Bryant noted in the court's opinion:

"We are reluctant to hold that, as a matter of law, in every case a director is imputed with knowledge concerning a corporation's compliance

with all pertinent statutes and applicable regulations. Agreeing therewith, plaintiff contends that our decision in *Eastman v. Benchmark Minerals, Inc.* (1986), 34 Ohio App. 3d 255, compels that conclusion. We disagree. Eastman involved one who assumed the position of director in an ongoing corporation. In that instance, the court concluded that an individual is not necessarily imputed with knowledge of whether the corporation is in compliance with all applicable statutes and regulations. Indeed, the court noted that in such instances directors frequently depend on the officers of the corporation to determine that compliance with all pertinent statutes and regulations is complete. However, in the matter before us, plaintiff was a director of the corporation from the beginning. Certainly a crucial element of establishing a corporation is in seeing that the applicable statutes and regulations are met. Accordingly, Eastman is not controlling in the matter before us.

Nonetheless, as indicated above, we do not find that as a matter of law in every instance the director of a newly-formed corporation will be deemed to have knowledge of whether the corporation is in compliance with applicable securities statutes and regulations. Given that, we must determine whether, under the facts and circumstances this case, summary judgment is appropriate on the issue of whether plaintiff knew or had reason to know of defendants' failure to register the stock of CCI Investors, Inc., with the Division of Securities. The record seems clear that plaintiff did not have actual knowledge of the failure until very short before he filed the complaint herein. *Hence, the dispositive question is whether he should have known of the violation.* Relying on the factors cited by the trial court, defendants urge that, indeed, plaintiff should have known of the failure to register the securities. To the contrary, plaintiff contends that he was virtually ignorant of the existence of CCI Investors, Inc., as a separate corporation, and, therefore, of the statutory and regulatory and compliance requirements stemming therefrom. "(Emphasis ours).

In the instant case, we are presented with a scant factual factual background on the issue of Gounaris's knowledge regarding the non-registration of securities at the time of purchase. However, Gounaris's assertion that the record is completely devoid of evidence tending of disprove his statement that he had no knowledge of the non-registration at the time of purchase is not well-taken.

Yagley's affidavit discloses not only that Gounaris was a director son the board of Imperial House, Inc. at the time of his stock purchase but that he was on the board of director" for several years prior thereto." (Yagley Affidavit Par. 4). Ohio general corporation law indicates that except where reserved by law or articles of incorporation, it is the board of directors that exercises all corporate authority. (R.C. 1701.59). We find, upon consideration of the evidence in a manner most favorable to Yagley, that Gounarris's knowledge of the nonregistration of Imperial House, Inc. stock is a proper inference to be drawn from Yagley's description of Gounaris's considerable experience on the board of directors. Because reasonable minds could differ as to whether, at the time of the stock purchase, Gounaris knew or should have known that the Imperial House, Inc. securities were unregistered, we must reverse and remand this cause to the trial court for consideration of Yagley's statute of limitations defense.

As to Jackson and Leonard, Yagley asserts that because they are unable to tender their stock certificates, they are statutorily precluded from the remedy of rescission and restitution. R.C. 1707.43 permits rescission and restitution for an unlawful sale of securities "upon tender to the seller in person or in open court of the securities sold or of the contract made."

In *Roger* v. *Lehman Bros. Kuhn Loeb, Inc.* (S.D. Ohio 1985), 621 F. Supp. 114, the District Court considered an issue similar to the one at bar. Plaintiff in *Roger* sued for rescission and restitution for defendant's alleged sale of unregistered securities in violation of R.C. 1707.44(C)(1). However, at the time of suit, plaintiff was no longer in possession of the securities as defendant had previously repurchased them. Defendant argued that plaintiff was without remedy due to his inability to meet the tender requirement set forth in R.C. 1707.43.

The *Roger* court, finding no precedent for the facts before it, exercised its "best judgment as to how the state high court would hold if confronted with the facts in question." *Rogers, supra* at 118). The court reviewed several Ohio court decisions, including *Bronaugh, supra, Crane* v. *Courtright* (1964), 2 Ohio App. 2d 125, and *Bell* v. *Re-Ge Inc.* (1985), 20 Ohio App. 3d 127, and noted that the Ohio Supreme Court has consistently held in favor of the investor to promote the remedial intent behind Chapter 1707. (*Rogers, supra* at 18). The *Rogers* court held "that formal tender of the *** shares at this time is not a prerequisite to

rescission under §1707.43. The parties can be restored to the positions they were in before the transaction took place by other means." (*Id.* at 119).

In this case, the evidence supporting the motion for summary judgment reveals that Jackson and Leonard did exchange their securities for notes but that each appellee requested a return of her securities in accordance with the terms of the note. The shares were not returned to Jackson or Leonard because Imperial House, Inc. was liquidating.

Yagley does not dispute the amounts claimed as damages by Jackson or Leonard. Therefore, in keeping with the trend toward promotion of investor protection, we hold that summary judgment in favor of Jackson and Leonard was proper.

On cross-appeal, Gounaris, Jackson and Leonard argue that the trial court improperly refused to assess interest against Yagley from the date of stock purchase.

The trial court denied the motion, finding itself without jurisdiction to consider the matter. Inasmuch as this appeal was pending at the time the motion for prejudgment interest was filed we find that the trial court correctly disposed of the motion. Appellees' assignment of error is overruled.

Appellant's assignment of error is well-taken with respect to appellee Gounaris; with respect to Jackson and Leonard, it is overruled. The judgment of the trial court will be affirmed in part and reversed in part. This case will be remanded for further consideration in accordance with this opinion.

*Judgment affirmed in part and reversed in part.*

WILSON, J., and GRADY, J., Concur.