MILLER, PLAINTIFF, *v.* GRIFFITH ET, DEFENDANTS.

Common Pleas Court, Columbiana County.

No. 46116.   Decided June 15, 1961.

*Mr. Lawrence W. Stacey*, for plaintiff.
*Mr. William C. Lodge*, for defendants.

BUZZARD, J.   This is an action brought by the plaintiff against the two defendants who were officers of a certain corporation called the Acousticon Manufacturing Company, Inc., and based upon the Securities Act of the State of Ohio, sometimes known as the "Blue Sky Law."   Plaintiff claims that he purchased ten (10) shares of stock in the Acousticon Manufacturing Company, Inc., for One Thousand Dollars ($1,000.00) and was issued a certificate for such ten shares signed by the two defendants as officers of the company.   Plaintiff now seeks to recover the One Thousand Dollars by reason of the fact that he claims the defendants did not abide by the Securities Act of the State of Ohio prior to the sale of said ten shares of stock.

The Securities Act serves a dual purpose of *regulating the sale of securities* and *preventing the perpetration of fraud.* As was said of the Blue Sky Law, which act was superseded by the Securities Act, the law was a regulation of business and constrained conduct only to the end of protecting the public against the imposition of unsubstantial schemes and the securities based upon them.   Furthermore, a reading of Section 1707.43 of the Revised Code indicates an *intent on the part of*

490

*the General Assembly to reach all persons who have had any-thing to do with the sale of the securities in violation of the Securities Act.*

The defendants admit the incorporation of the Acousticon Manufacturing Company on April 11, 1958 and the evidence shows that the certificate for ten shares of stock to the Plaintiff was dated May 17, 1958, and bears the signatures of Leroy R. Vignon, President, and George M. Griffith, Secretary. The certificate contains the corporate seal of the corporation but it does not state on the face of the certificate the name of the corporation. Whether this was done by reason of ignorance on the part of the officers of the corporation or by design is not necessary to decide for the decision of this case.

Now the facts show there was a sale of these ten shares of stock to the plaintiff; the evidence shows that the actual sale was made by the defendant George M. Griffith, who was the secretary of the corporation. The evidence shows that $1,000.00 was paid to Mr. Griffith in two installments of $300.00 and $700.00 and that tender back of the certificate with a demand for the return of the consideration therefor was made upon both defendants.

The *defense offered is that the violation did not materially affect the protection contemplated by the violation provision,* using the language of Section 1707.43, Revised Code. Counsel for the defendants argues that the plaintiff lost his money by reason of the fact that the corporation became insolvent and not by reason of the fact that the statute was not followed. This is the very type of situation that the Securities Act was supposed to regulate because *it is only in those cases where the corporation fails or never gets off the ground that there is a need for the protection of the Securities Act.* The fact that the plaintiff hoped to make a profit is not a defense either because anyone who owns shares in a corporation does so with the hope of profit and *it is not enough to say that he took a chance and lost.* If the corporation made profits even though the Securities Act was not followed there would naturally be no claim on the part of plaintiff so the Court feels that the *Securities Act is remedial in nature and should be interpreted to provide the protection that it is intended to give,* namely, to people who own shares in corporations in the hope of making a profit and then learn

that there never was any substance to the corporation in the beginning.

Neither does the fact that the defendants were laymen and did not seek professional help in incorporating the corporation excuse them. The statute is equally applicable to persons who hire counsel to incorporate their company as to those who do the job themselves.

Again adverting to the defense that the failure to comply with the Securities Act did not materially affect the protection contemplated by the violation provision, the Court cites the case of *Biernbaum* v. *Midwest Oil & Gas Company*, 108 Ohio App., 560. There is involved there the question of whether an individual interest in an oil and gas lease is a security and if so whether the failure to register them as such materially affects the protection contemplated by the Securities Act. It is significant to note that the Court of Appeals *held* that the *burden of proving that the admitted violation did not materially affect the protection contemplated by the statute, was upon the defendant.* There was no proof in this case offered by the defendants that would relieve them under this provision of the statute, unless the evidence that there was no filing at all. The Court would have to speculate that the plaintiff would never have gone to the trouble to investigate the registration even if it had been filed. The protection contemplated by the statute is the filing of the registration statement and the complete compliance with the Securities Act. If a registration was made which was perhaps incomplete in some respects but which substantially followed the Securities Act, then there might be some question whether the failure to include certain items materially affected such protection. But *where no attempt was ever made by the corporation to file any registration or to even obtain an exemption from registration, there would be no protection whatsoever that could be affected one way or the other.* Consequently, the Court does not feel that there has been established by the defendants any defense under this provision of Section 1707.43, Revised Code.

Neither is there anything in the pleadings, particularly in the Answer, claiming that these securities were exempt from registration and the burden of such proof would also be upon

492

the defendants. Consequently, the Court feels there has been shown by the evidence to be a violation of the Securities Act on the part of the defendant George M. Griffith.

Now the evidence shows that Mr. Vignon, the defendant, did not participate directly in the sale of these shares to the plaintiff. However, a reading of the statute indicates that it was the *intention of the General Assembly to not only hold responsible the persons actually making the sale but also "every person who has participated in or aided the seller in any way in making such sale or contract for sale."* And then it goes on to hold defendants jointly and severally liable. Now the evidence shows that Mr. Leroy Vignon was president of the corporation and that he signed the purported certificate for the ten shares of stock as president of the corporation and in that sense contributed to this transaction and participated in the consummation of the transaction and, therefore, would be equally at fault with Mr. Griffith. I would like to mention one thing that Mr. Lodge mentioned in his argument in connection with this part of the statute. He tried to distinguish the *Biernbaum case* in 108 Ohio App., 560, from this particular case by saying that in the *Biernbaum case* the corporation was sued and in this case the individuals were sued. The statute—Section 1707.43, Revised Code—is broad enough to permit you to sue not only the corporation but every other officer and person who may have participated in any way in making the sale and it may be and probably is true here that there would be no use to sue the corporation because it was insolvent whereas in the *Biernbaum case* the corporation may have been solvent. The fact remains that this statute is very broad and in the Court's opinion would have permitted the inclusion of the corporation as well as the individuals as defendants in the case.

Accordingly, the Court finds for the Plaintiff and against the Defendants, George M. Griffith and Leroy Vignon for One Thousand Dollars ($1,000.00) and orders the defendants to pay the costs of this proceeding and the plaintiff will prepare the Journal Entry entering judgment on this finding.