BRONAUGH, APPELLEE, *v.* R. & E. DREDGING CO., INC., ET AL.,
APPELLANTS.

(No. 68-67—Decided December 4, 1968.)

36

*Mr. James R. Addison*, for appellee.

*Messrs Metcalf, Thomas & Bonsky* and *Mr. Randall Metcalf*, for appellants.

MATTHIAS, J.  The only question before us which we need to determine is whether Chapter 1707, Revised Code (the Ohio "blue sky law"), entitles the plaintiff to restitution of the money he paid to the defendant Ball for shares of stock of the defendant corporation, the R. & E. Dredging Company.

Plaintiff relies upon the provisions of Section 1707.43, Revised Code, as a basis for this action.  So far as is pertinent that section provides:

"Every sale or contract for sale made in violation of Sections 1707.01 to 1707.45, inclusive, of the Revised Code, is voidable at the election of the purchaser * * * unless the court determines that the violation did not materially affect the protection contemplated by the violated provision."

It is clear that there was a "sale" made to the plaintiff in this case, as that term is defined in Section 1707.01(C), Revised Code.  It is also evident that the sale was in violation of Section 1707.44(C)(1), Revised Code, which provides:

"No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1) Is not exempt under Section 1707.02 of the Revised Code, nor the subject matter of one of the transactions exempted in Sections 1707.03, 1707.04, and 1707.34 of the Revised Code, has not been registered by description or qualified, and is not the subject matter of a transaction that has been registered by description * * *."

The defendants attempt to qualify for exemption under Section 1707.03(B), Revised Code, which provides in part that:

"A sale of securities *made by or on behalf of a bona*

*fide owner, neither the issuer nor a dealer,* is exempt, if such sale is made in good faith *and* not for the purpose of avoiding Sections 1707.01 to 1707.45, inclusive, of the Revised Code, *and is not made in the course of repeated and successive transactions of a similar character. * * *"* (Emphasis added.)

Unfortunately for defendants, the offer to purchase (set forth in full in the statement of the case) executed by plaintiff in this case was made to the corporation, the R. & E. Dredging Company. The corporation was not at that time the owner of the common stock which plaintiff agreed to purchase. Nor, as was falsely stated in the offer to purchase, did the corporation own existing stock options. Furthermore, the corporation was the original issuer of the shares and a sale on behalf of the issuer cannot qualify for the exemption. Finally, the evidence in the record in this case clearly shows that several persons (nine in all, as admitted by defendant Ball's own testimony) were solicited at different times to subscribe to varying amounts of stock in the defendant corporation and therefore there were "repeated and successive transactions of a similar character."

Defendants do not qualify for the exemption, regardless of whether they acted in good faith and not for the purpose of avoiding Sections 1707.01 to 1707.45, inclusive, of the Revised Code.

As an alternative to reversal on the basis of qualifying for the Section 1707.03(B), Revised Code, exemption, the defendants seek a reversal for a trial court determination, under Section 1707.43, Revised Code, as to whether the defendants are entitled to judgment on the basis that "the violation did not materially affect the protection contemplated by the violated provision." Such a determination is necessarily a question of law and can properly be resolved by this court.

The provision violated is Section 1707.44(C)(1), Revised Code, and the purpose behind the violated provision is to prevent those persons willing to market worthless or unnecessarily risky securities from soliciting the purchasing public without first subjecting themselves and their

securities to reasonable licensing and registration requirements designed to protect the public from its own stupidity, gullibility and avariciousness.

We do not find that the defendant's violation of Section 1707.44(C)(1) was of such a trivial nature so as to "not materially affect the protection contemplated" by that provision.

Accordingly, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN and DOYLE, JJ., concur.

BROWN, J., dissenting. The trial court found that this sale was an exempt transaction under Section 1707.03, Revised Code, in that it was by an owner and was not made in the course of repeated and successive transactions of a similar character. The evidence is clear that the sale was made in good faith and not for the purpose of avoiding Sections 1707.01 to 1707.45, Revised Code. The result of the majority opinion in this case is to refund the investment of one who makes no complaint except loss of investment and who has no complaint that he has been the victim of any wrongdoing. The mere fact that the agreement recites a sale by the corporation must be considered in light of the undisputed fact that the vendor, with the knowledge of the vendee, held a valid assignment of the stock in question at all times which are material. The Court of Appeals reversal of the holding of the trial court is a finding that on these admitted facts form must prevail over substance. Only on this basis can this dispute be disposed of in that court as a matter of law.

I would reverse the holding of the Court of Appeals and affirm the judgment of the trial court.

O'NEILL and SCHNEIDER, JJ., concur in the foregoing dissenting opinion.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.