PENCHEFF, APPELLANT, *v.* ADAMS ET AL., APPELLEES.

[Cite as Pencheff *v.* Adams (1983), 5 Ohio St. 3d 153.]

(No. 82-586—Decided June 15, 1983.)

---

[1] The agreement shows Pencheff was aware of the noncompliance with R.C. Chapter 1707 at the time of the sale. A further examination of the record indicates that the securities were not registered with the Division until almost four months after the sale to Pencheff.

*Fry & Waller Co., L.P.A., Mr. Carl B. Fry, Mr. Barry A. Waller* and *Mr. Rick L. Brunner,* for appellant.

*Messrs. Scott, Walker & Kuehnle* and *Mr. George Nickerson,* for appellees.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Barry W. Moses,* urging reversal for *amicus curiae,* Dept. of Commerce, Division of Securities.

J. P. CELEBREZZE, J. The record clearly shows that appellees violated the provisions of R.C. 1707.44(C)(1)[2] in the sale of unregistered securities to appellant. Consequently, the sole issue before this court is whether the violation materially affected the protection contemplated by the violated provision.[3]

This very issue (sale of unregistered securities) was addressed and resolved by this court in *Bronaugh* v. *R. & E. Dredging Co.* (1968), 16 Ohio St. 2d 35 [45 O.O.2d 321]. At the outset, we decided that a determination of this issue was a question of law that could properly be resolved by this court. *Id.* at 40. We then said:

"* * * the purpose behind the violated provision [R.C. 1707.44(C)(1)] is to prevent those persons willing to market worthless or unnecessary risky securities from soliciting the purchasing public without first subjecting themselves and their securities to reasonable licensing and registration requirements designed to protect the public from its own stupidity, gullibility and avariciousness." *Id.* at 40-41.

Accordingly, we decided that the violation of R.C. 1707.44(C)(1) did materially affect the protection contemplated by said provision. Any contrary determination would only serve to undermine the most fundamental purpose of the statute — protection of the public from the sale of unregistered securities.

Based upon the foregoing, we hold as a matter of law that appellees' failure to comply with R.C. 1707.44(C)(1) materially affects the protection

---

[2] R.C. 1707.44(C)(1) provides:

"No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1)  Is not exempt under section 1707.02 of the Revised Code, nor the subject matter of one of the transactions exempted in sections 1707.03, 1707.04, and 1707.34 of the Revised Code, has not been registered by description, coordination, or qualification, and is not the subject matter of a transaction that has been registered by description; * * *"

[3] R.C. 1707.43 provides in pertinent part:

"Every sale or contract for sale made in violation of Chapter 1707. of the Revised Code, is voidable at the election of the purchaser * * * unless the court determines that the violation did not materially affect the protection contemplated by the violated provision."

contemplated by that provision and entitles appellant to the relief provided under R.C. 1707.43.

Accordingly, the judgment of the court of appeals as to the issue of the determination of materiality is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.[4]

*Judgment accordingly.*

CELEBREZZE, C.J., KEEFE, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KEEFE, J., of the First Appellate District, sitting for W. BROWN, J.

---

[4] We agree with the court of appeals that, in ruling on the motion for summary judgment, the trial court did not consider the issues raised in the answer and counterclaim filed by appellees. Hence, such issues are remanded to the trial court for resolution thereof.