OBENAUF ET AL., APPELLANTS, *v.* CIDCO INVESTMENT SERVICES, INC. ET AL., APPELLEES.

(No. 57125—Decided June 18, 1990.)

*Goodman, Weiss & Freedman* and *Robert A. Goodman,* for appellants.

*Kohrman, Jackson & Krantz, Karl E. May* and *Joshua R. Cohen,* for appellees.

JOHN V. CORRIGAN, J. Plaintiffs-appellants, Carl Obenauf and Charles Effinger, appeal the trial court's judgment rendered in favor of defendants-appellees, CIDCO Investment Services, Inc. ("CIDCO") and Sandra Stana. The facts giving rise to the instant appeal are as follows.

On or about September 24, 1984, IFPS Securities Corporation ("IFPS") issued an Amended and Restated Private Offering Memorandum for Lewiston Steam & Power Associates ("Lewiston"), an Ohio limited partnership. The memorandum was used to promote and sell forty-seven units of a limited partnership interest in Lewiston. The units in the limited partnership interest constituted "securities" within the meaning of R.C. 1707.01(B).

IFPS served as the placement agent in the sale of the units of the Lewiston limited partnership interest, and CIDCO, a licensed securities dealer, served as the broker in the sale of these securities. In its dealer agreement with CIDCO, IFPS agreed to indemnify CIDCO for any liability caused by the failure to comply with the Blue Sky laws of any state.

In October 1984, appellee Sandra Stana, while acting as a licensed salesperson for appellee CIDCO, approached, encouraged and aided in the sale of two units of the limited partnership interest in Lewiston to appellants. Stana provided separate copies of the memorandum and subscription agreements to both appellants.

On October 27, 1984, appellant Carl Obenauf executed a subscription agreement and purchased one unit of the limited partnership interest. On October 29, 1984, appellant Charles Effinger executed a subscription agreement and purchased one unit of the limited partnership interest. Appellants each, as consideration for their respective one unit of the limited partnership interest: (1) paid a cash purchase price of $40,000; (2) assumed a pro rata portion of a $9,000,000

promissory note of Lewiston's equal in value to $191,489.37 per unit; and (3) executed an indemnity agreement indemnifying Northwestern National Insurance Company, a bonding company providing a financial guarantee bond for Lewiston's promissory note, for payments required to be made under that bond.

The offering and sales material provided to appellants indicated that the units of the limited partnership interest would not be registered under the Ohio Securities Act. Instead, the units would be sold in Ohio under the exemption from registration requirements of the Ohio Securities Act established by R.C. 1707.03(Q). Thus, the sale of the Lewiston units of the limited partnership interest was not registered by description, coordination or qualification.

In order to perfect the exemption available under R.C. 1707.03(Q) for a given sale of securities in Ohio, a Form 3-Q must be filed with the Ohio Division of Securities not later than sixty days after the sale. IFPS gave CIDCO its express assurance that it would file the Form 3-Q in conformity with R.C. 1707.03.

After Stana concluded her transactions with appellants, CIDCO forwarded to IFPS the subscription agreements for the sale of the units of the Lewiston limited partnership interest executed by appellants. Since appellees relied on IFPS to timely file the Form 3-Q for the sale of the units, neither CIDCO nor Stana communicated with IFPS, or made any other effort, to ascertain whether Form 3-Q had been filed. Appellees relied on the prior assurances of IFPS that it would handle the filing of Form 3-Q.

On January 11, 1985, a Form 3-Q Exemption Application was filed with the Ohio Division of Securities for the sale of the units of the limited partnership interest for all investors in Lewiston. Form 3-Q was filed seventy-four days after the sale to appellant Effinger, and seventy-six days after the sale to appellant Obenauf. Neither a Form 39, pursuant to R.C. 1707.39, nor a Form 391, pursuant to R.C. 1707.391, was filed with the Ohio Division of Securities to rectify the late filing of the Form 3-Q.

On October 21, 1986, appellants filed their complaint against appellees seeking the rescission of the sale of the units of the Lewiston limited partnership interest. Appellants argued that they were entitled to a rescission of the sale since the sale was allegedly made in violation of R.C. Chapter 1707. On October 6, 1987, CIDCO filed a third-party complaint against IFPS. CIDCO contended in its third-party complaint that under its dealer agreement with IFPS, IFPS agreed to indemnify CIDCO for any liability that might arise in the sale of the units of the Lewiston limited partnership interest.

On August 30, 1988, the parties submitted the case to the trial court for a decision on a stipulated record. The parties stipulated into evidence the facts and exhibits pertaining to the instant matter.

On December 27, 1988, the trial court issued its order, wherein judgment was rendered in favor of appellees. The trial court found that the late filing of the Form 3-Q did not materially affect the protection contemplated by R.C. 1707.03(Q). The trial court further found that appellees did not act knowingly and intentionally with respect to the sale of the units of the Lewiston limited partnership interest and the late filing of the Form 3-Q.

Appellants filed a timely notice of appeal and subsequently raised the following assignments of error:

"I. The trial court erred by failing to properly apply the law to the un-

disputed facts and by rendering judgment for the defendants-appellees.

"II. The trial court erred by not finding the sale of unregistered securities to be a violation of Chapter 1707 of the Ohio Revised Code.

"III. The trial court erred by finding that the late filing of the Form 3-Q did not materially affect the protection contemplated by O.R.C. 1707.03(Q), and by failing to find that the sale of unregistered securities was material to the protection contemplated by the Ohio Blue Sky Laws.

"IV. The trial court erred by finding that plaintiffs-appellants must establish that defendants-appellees acted knowingly and intentionally with respect to the Form 3-Q's late filing and the sale of the limited partnership units in Lewiston.

"V. The trial court erred by not finding defendants-appellees jointly and severally liable and by not granting rescissionary [*sic*] relief under O.R.C. 1707.43 to the plaintiffs-appellants."

When viewed collectively, it is apparent that the sole issue raised by appellants' assignments of error is whether the trial court erred in not granting rescissory relief where the sale of the units of the Lewiston limited partnership interest allegedly violated R.C. Chapter 1707. Therefore, appellants' assignments of error will be addressed together.

Under R.C. 1707.43, the purchaser of a security in violation of any provision of R.C. Chapter 1707 may be entitled to restitution of his purchase price. R.C. 1707.43 provides in pertinent part:

"Every sale or contract for sale made in violation of Chapter 1707. of the Revised Code, is voidable at the election of the purchaser. The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to such purchaser, in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by such purchaser and for all taxable court costs, *unless the court determines that the violation did not materially affect the protection contemplated by the violated provision.*" (Emphasis added.)

Thus, pursuant to R.C. 1707.43, a purchaser of a security is not entitled to a rescission of the sale where the violation of any provision in R.C. Chapter 1707 is of such a trivial nature as not to materially affect the protection contemplated by the violated provision. *Bronaugh* v. *R. & E. Dredging Co.* (1968), 16 Ohio St. 2d 35, 45 O.O. 2d 321, 242 N.E. 2d 572, paragraph one of the syllabus.

In the instant case, appellants allege that they were entitled to rescissory relief for appellees' failure to timely file Form 3-Q pursuant to R.C. 1707.03(Q)(4). R.C. 1707.03(Q)(4) requires that in order for the sale of any security to be exempt, the issuer or dealer must file Form 3-Q with the Division of Securities not later than sixty days after the sale. The stipulated facts indicate that Form 3-Q was filed with the Division of Securities for the sale of the units of limited partnership interest seventy-four days after the sale to appellant Effinger and seventy-six days after the sale to appellant Obenauf.

Generally, where no attempt was ever made to file any registration or even to obtain an exemption from registration, there could be no claim that the violation was not material. *Miller* v. *Griffith* (C.P. 1961), 92 Ohio Law Abs. 488, 28 O.O. 2d 278, 196 N.E. 2d 154. However, if a filing was made which was perhaps incomplete in some respects, but which substantially

followed the provisions of R.C. Chapter 1707, then the resulting violation may not materially affect the protection contemplated by the violated provision. *Id.* See, also, *Hild* v. *Woodcrest Assn.* (1977), 59 Ohio Misc. 13, 7 O.O. 3d 195, 391 N.E. 2d 1047.

The record in the instant case indicates that the Form 3-Q filed by IFPS on January 11, 1985 was accepted and stamped "completed" by the Ohio Division of Securities. This court accepts the trial court's finding that this late filing of Form 3-Q did not materially affect the protection contemplated by R.C. 1707.03(Q). The record before us contains substantial, credible evidence upon which the trial court could have found that the late filing of Form 3-Q was not sufficient to cause appellees to be liable under R.C. 1707.43.

The trial court also found that appellees did not act knowingly and intentionally with respect to the Form 3-Q late filing and the sale of the units of the Lewiston limited partnership interest. This finding clearly shows that appellees did not violate the provisions of R.C. 1707.44(C)(1) in the sale of securities to appellants. R.C. 1707.44 (C)(1) provides:

"(C) No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1) Is not exempt under section 1707.02 of the Revised Code, nor the subject matter of one of the transactions exempted in sections 1707.03, 1707.04, and 1707.34 of the Revised Code, has not been registered by description, coordination, or qualification, and is not the subject matter of a transaction that has been registered by description[.]"

The stipulated record clearly indicates that appellees believed there would be a timely filing by IFPS of a Form 3-Q exemption application. In engaging the services of CIDCO as a securities dealer to assist in the sale of the limited partnership interest of Lewiston, IFPS gave its express assurance that it would file a Form 3-Q in accordance with R.C. 1707.03(Q). Thus, we accept the trial court's finding that appellees did not act knowingly and intentionally with respect to the late filing of Form 3-Q and the sale of the Lewiston units of the limited partnership interest. Accordingly, appellees did not violate R.C. 1707.44(C)(1), and appellants could not recover under R.C. 1707.43.

Appellants' assignments of error are without merit and are overruled.

Trial court's judgment is affirmed.

*Judgment affirmed.*

KRUPANSKY, P.J., and ANN MC-MANAMON, J., concur.