CALLAHAN, APPELLANT, *v.* CLASS ONE, INC. ET AL., APPELLEES.

[Cite as Callahan *v.* Class One, Inc. (1991), 58 Ohio St. 3d 76.]

(No. 90-208—Submitted January 9, 1991—Decided March 13, 1991.)

*Porter, Wright, Morris & Arthur, Gary W. Gottschlich* and *Ronald J. Kozar,* for appellant.

*G. Jack Davis, Jr.,* for appellees.

*Lee I. Fisher,* attorney general, and *Daniel A. Malkoff,* urging reversal for *amicus curiae,* Ohio Department of Commerce, Division of Securities.

WRIGHT, J. This court has consistently held that any sale of securities which have not been registered as required by R.C. Chapter 1707 — or which are not exempt from those requirements — will materially affect the protection afforded by the statute. *Pencheff* v. *Adams* (1983), 5 Ohio St. 3d 153, 5 OBR 318, 449 N.E. 2d 1277; *Bronaugh* v. *R. & E. Dredging Co.* (1968), 16 Ohio St. 2d 35, 45 O.O. 2d

321, 242 N.E. 2d 572. The Montgomery County Court of Appeals has fashioned an exception to this rule where the buyer initiates the sale. That exception would upset a well-settled scheme of regulation designed to protect the public and we therefore decline to adopt it.

R.C. 1707.43 provides, in part:

"Every sale or contract for sale made in violation of Chapter 1707. of the Revised Code, is voidable at the election of the purchaser. The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to such purchaser, in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by such purchaser and for all taxable court costs, *unless the court determines that the violation did not materially affect the protection contemplated by the violated provision.*" (Emphasis added.)

The court below erroneously concluded that the buyer's initiation of the sale triggered this exception in R.C. 1707.43. To permit such a decision to stand, however, would open the door to a balancing of factors not contemplated by the broad-based protection now afforded by the statute and the case law emanating from this court.

Appellees' failure to register their securities, or to seek an exemption, was a clear-cut violation of R.C. 1707.44(C)(1).[1]

"Failure to comply with R.C. 1707.44(C)(1) materially affects the protection contemplated by that provision and entitles a purchaser of unregistered securities to the relief provided under R.C. 1707.43." *Pencheff, supra,* at syllabus.

In addition, "* * * [a]ny contrary determination would only serve to undermine the most fundamental purpose of the statute — protection of the public from the sale of unregistered securities." *Id.* at 154, 5 OBR at 319, 449 N.E. 2d at 1278.

For that reason we endorse the position taken by the Ohio Department of Commerce, Division of Securities, in its *amicus* brief:

"The reason why the General Assembly, in enacting the Ohio Securities Act [R.C. Chapter 1707], required that registration provisions must apply to 'every disposition' of a security without regard to who initiated the transaction, is a concern for the welfare of all purchasers of securities. * * *"

To that end, we expand our holding in *Pencheff* and rule that failure to comply with R.C. 1707.44(C)(1) materially affects the protection contemplated by that provision and entitles a purchaser of unregistered securities to the relief provided under R.C. 1707.43, regardless of who initiates the transaction.

The judgment of the court of ap-

---

[1] R.C. 1707.44(C) provides in pertinent part:

"No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1) Is not exempt under section 1707.02 of the Revised Code, nor the subject matter of one of the transactions exempted in sections 1707.03, 1707.04, and 1707.34 of the Revised Code, has not been registered by description, coordination, or qualification, and is not the subject matter of a transaction that has been registered by description[.]"

peals is reversed and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and RESNICK, JJ., concur.

H. BROWN, J., dissents.

H. BROWN, J., dissenting. The decision by the majority to allow rescission of this sale of stock does not serve the purpose of R.C. 1707.44(C)(1). The majority, in its "analysis," ignores the fact that, on the record before us, the plaintiff Callahan solicited and structured the transaction which he later sought to rescind on the ground of non-compliance with R.C. 1707.44(C)(1). Callahan even prepared the promissory note. Further, this was not a general sale of securities. This was the only stock of the company sold, and Callahan, who initiated and structured the sale, was the only purchaser. No argument can be supported, manufactured or inferred to make Callahan the victim of overreaching by the seller. What the majority has done is to put Callahan in the enviable position of being able to claim the benefits of his purchase if the deal proved profitable and to rescind if the deal turned out poorly. While bright-line rules are often desirable, I do not think we need interpret the securities laws to provide this sort of "heads I win, tails you lose" opportunity.[2]

The majority concedes that it has "expanded" the law as set forth in *Pencheff* v. *Adams* (1983), 5 Ohio St. 3d 153, 5 OBR 318, 449 N.E. 2d 1277, in order to reverse the decision below by the court of appeals. Further, the majority fails to analyze *Bronaugh* v. *R. & E. Dredging Co.* (1968), 16 Ohio St. 2d 35, 45 O.O. 2d 321, 242 N.E. 2d 572, wherein we held in paragraph one of the syllabus that a purchaser is not entitled to restitution of the purchase price where the violation of the Ohio Securities Act is of such a trivial nature as not to affect the protection contemplated by the violated provision. Where, as here, the purchaser instigates and structures the sale of securities to himself, and where this is an isolated transaction, I would not allow the purchaser to rescind the sale by claiming that the stock he purchased and the promissory note he gave in payment were not registered with the Ohio Division of Securities. I would affirm the decision of the court of appeals.

---

[2] The fact that a purchaser initiates a stock transaction should not (as the majority and the Department of Commerce as *amicus* note) excuse noncompliance with R.C. 1707.44(C)(1). The case before us, however, involves far more than initiation of purchase by the party seeking rescission.