SHERMAN et al., Appellants,

v.

RIVER OAKS OFFICE PLAZA, LTD. et al., Appellees.

[Cite as *Sherman v. River Oaks Office Plaza, Ltd.* (1993), 91 Ohio App.3d 450.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62604.

Decided Nov. 8, 1993.

*Seeley, Savidge & Aussem Co., L.P.A., Keith A. Savidge* and *Todd G. Jackson,* for appellants.

*Buckingham, Doolittle & Burroughs* and *Karl E. May,* for appellees.

*Lee I. Fisher,* Attorney General, and *Daniel A. Malkoff,* Assistant Attorney General, urging reversal for *amicus curiae,* Ohio Division of Securities.

SPELLACY, Judge.

Plaintiffs-appellants Michael Sherman and Alexander Hahn ("appellants") appeal the entry of summary judgment in favor of defendants-appellees River Oaks Office Plaza, Ltd. and First Equities Associates–KH ("appellees"). Appellants raise two assignments of error:

"I. The trial court erred when it granted summary judgment to defendants-appellees finding that defendants-appellees' violation of [R.C.] 1707.03(Q) did not materially affect the protection contemplated therein where plaintiffs-appellants were materially and actually affected by defendants-appellees' conduct.

"II. The trial court erred when it denied summary judgment to plaintiffs-appellants 'due to the fact that' the Ohio Division of Securities stamped defendants-appellees securities filing as 'complete,' thereby, denying the remedy of rescission to plaintiffs-appellants pursuant to [R.C.] 1707.43."

We find the first assignment of error has merit and the second assignment of error lacks merit. As a result, we reverse the judgment of the trial court and remand the cause for further proceedings.

## I

After selling securities to appellants, appellees attempted to exempt them from regulation under R.C. 1707.03(Q), which requires the filing of a Form 3–Q with the Ohio Department of Commerce, Division of Securities ("Division") within

sixty days of the sale of a security. The attorneys for appellees, however, failed to file a Form 3–Q until sixty-nine days after the sale to appellant Hahn and seventy-one days after the sale to appellant Sherman.

Appellants brought this action seeking rescission of the sale. Both appellants and appellees filed motions for summary judgment. The trial court denied appellant's motion and granted appellee's motion, finding that " * * * the slight delay in filing for the exemption provided for in R.C. 1707.03(Q) did not materially affect the protection contemplated by the provision. The violation of R.C. 1707.03(Q)(4) did not materially affect the protection provided by the statute due to the fact that the [Division] affirmed the legitimacy of the securities * * * they were stamped as 'complete' and 'accepted.' " [1]

## II

In their first assignment of error, appellants contend the trial court erred when it found the late filing of the Forms 3–Q did not materially affect the protection contemplated by R.C. 1707.44(C)(1) and granted appellees' motion for summary judgment.

Under R.C. 1707.43, purchasers of securities may void sales that violate R.C. Chapter 1707 "unless the court determines that the violation did not materially affect the protection contemplated by the violated provision." R.C. 1707.44 provides, in pertinent part:

"(C) No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1) Is not * * * the subject matter of one of the transactions exempted in section * * * 1707.03 * * * of the Revised Code * * *."

As noted above, to exempt a security under R.C. 1707.03(Q) a Form 3–Q must be filed within sixty days of the sale.

The Ohio Supreme Court addressed the issue of materiality in *Pencheff v. Adams* (1983), 5 Ohio St.3d 153, 5 OBR 318, 449 N.E.2d 1277, syllabus, holding that "[f]ailure to comply with R.C. 1707.44(C)(1) materially affects the protection contemplated by that provision and entitles a purchaser of unregistered securities to the relief provided under R.C. 1707.43." See, also, *Callahan v. Class One, Inc.* (1991), 58 Ohio St.3d 76, 567 N.E.2d 1036, syllabus. The clear import of *Pencheff*

---

**1.** The trial court improperly identifies R.C. 1707.03(Q)(4) as the violated provision. The issue before the trial court was whether R.C. 1707.44(C)(1) had been violated by appellees' failure to comply with R.C. 1707.03(Q)(4).

is that any violation of R.C. 1707.44(C)(1) materially affects the protection contemplated by that provision.

Appellees argue that we are bound by *Obenauf v. CIDCO Investment Services, Inc.* (1990), 54 Ohio App.3d 131, 133–134, 561 N.E.2d 1070, 1072–1074, where we stated that a violation of R.C. 1707.44(C)(1) may be immaterial if a filing substantially complies with R.C. Chapter 1707. This statement is dictum. *Obenauf* held no violation of R.C. 1707.44(C)(1) occurred. *Id.* at 134, 561 N.E.2d at 1073–1074. A ruling on whether a violation would materially affect the protection contemplated by that provision, therefore, would have been premature. Further, even if this had not been dictum, we are bound by the Supreme Court's rulings in *Pencheff* and *Callahan.*

Accordingly, appellant's first assignment of error is well taken.

### III

In their second assignment of error, appellants contend the trial court erred when, in denying their motion for summary judgment, it found the Division cured the late filing of the Forms 3–Q stamping the filing "complete" and denied their motion for summary judgment.

We agree that the Division could not cure the late filing of the Forms 3–Q. R.C. Chapter 1707 does not give the Division this authority. We realize *Obenauf* relied on the Division's accepting and stamping "complete" on the Form 3–Q in that case. This portion of *Obenauf,* however, is dictum. Additionally, the Division, as *amicus curiae,* argues the term "complete" merely signifies a Form 3–Q has been entered into its computer system.

Although we agree the Forms 3–Q were filed late, we find the trial court did not err when it denied appellants' motion for summary judgment. Civ.R. 56 governs our review. In *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274, the court stated that:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

R.C. 1707.44(C)(1) provides, in pertinent part, "[n]o person shall *knowingly* and *intentionally* sell * * *" nonexempt securities. In *Obenauf* we recognized the necessity of showing that a party acted knowingly and intentionally to establish a

violation of R.C. 1707.44(C)(1). See, also, *Plantation Housing Partners, Ltd. v. Lindsey* (Mar. 14, 1991), Cuyahoga App. No. 58196, unreported, at 7, 1991 WL 34726 (knowingly and intentionally essential elements); *Jelm v. Galan* (Mar. 7, 1991), Cuyahoga App. No. 58093, unreported, at 13, 1991 WL 30266 (actual knowledge considered necessary element). *Callahan* and *Pencheff* do not, as appellants argue, eliminate the elements of knowingly and intentionally. These decisions presuppose a violation of R.C. 1707.44(C)(1) and address whether such a violation would, under R.C. 1707.43, materially affect the protection contemplated by R.C. 1707.44(C)(1).

Reviewing the evidence, as required by Civ.R. 56, we find that a genuine issue of fact exists concerning whether appellees sold the securities knowing and intending that they would not be exempt.

Accordingly, appellants' second assignment of error is not well taken.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

DYKE, C.J., concurs.

HARPER, J., concurs in part and dissents in part.

HARPER, Judge, concurring in part and dissenting in part.

I concur with the majority's disposition of the first assignment of error and would go further and enter judgment for appellee as I do not see any reason to remand the cause for further proceedings. I, however, dissent from the disposition of the second assignment of error as I perceive the majority's reasoning to be inconsistent with its finding on the first assignment. I cannot reconcile finding on one hand that appellee's refusal to follow the requirement of the law was material and on the other hand requiring that appellant separately prove knowingly and intentionally.

The statute provides the buyer of any security sold in violation of R.C. Chapter 1707 with the election of voiding the transaction and recovering the full amount paid for the security including all taxable court costs. The legislature, in its infinite wisdom, included a questionable phrase on the buyer's right to rescind when it added "unless the court determines that the violation did not materially affect the protection contemplated by the violated provision." In *Pencheff v. Adams* (1983), 5 Ohio St.3d 153, 5 OBR 318, 449 N.E.2d 1277, the Ohio Supreme Court answered the question of materiality. In *Pencheff,* the defendant registered the securities in question less than four months after the sixty days allowed by law. The court, in spite of the record showing that the buyer was aware of

the seller's non-compliance with R.C. Chapter 1707, by the late registration of the securities and the "acceptance" of the late registration by the Ohio Department of Commerce, held "as a matter of law that appellees' failure to comply with R.C. 1707.44(C)(1) materially affects the protection contemplated by that provision and entitles appellant to the relief provided under R.C. 1707.43."

Thus, sales of unregistered or unexempted securities "materially affect" the protection contemplated by the statute and entitles a purchaser of such securities to the relief of rescission. See *Riedel v. Acutote of Colorado* (S.D.Ohio 1991), 773 F.Supp. 1055, 1066–1067. This court held in *Bell v. LE–GE, Inc.* (1985), 20 Ohio App.3d 127, 20 OBR 160, 485 N.E.2d 282, that the "materially affects" language is not diminished because the security in question was potentially eligible for registration or the transaction eligible for exemption. The *Pencheff* court concluded in 5 Ohio St.3d at 154, 5 OBR at 319, 449 N.E.2d at 1278, that any interpretation which did not hold the seller strictly liable "would only serve to undermine the most fundamental purpose of the statute—protection of the public from the sale of unregistered securities."

In *Obenauf v. CIDCO Investment Services, Inc.* (1990), 54 Ohio App.3d 131, 133–134, 561 N.E.2d 1070, 1072–1074, where the defendant filed a Form 3–Q exemption fourteen days after the sixty days allowed by law and the form was accepted and stamped "completed" by the Ohio Department of Commerce, this court held that the defendant's late filing, though a violation of R.C. Chapter 1707, was trivial and not material.

Appellants argue in the instant case that under *Obenauf, supra,* since they substantially complied with the law by filing Form 3–Q, which was accepted and marked "complete" by the Department of Commerce, their violation was trivial and not material.

The Ohio Department of Commerce, in its *amicus curiae* brief, urged a reversal of the trial court's decision, arguing that the markings on the exemption form do not legitimize the securities involved and should not be construed to mean that the exemption has been perfected. I agree.

The Ohio Supreme Court, in *Callahan v. Class One, Inc.* (1991), 58 Ohio St.3d 76, 567 N.E.2d 1036, seems to have dealt a death blow to this court's reasoning in *Obenauf, supra,* which the majority recognized as a dictum. The *Callahan* court let it be known that the protection afforded buyers by R.C. Chapter 1707 is broad-based and should not be watered down by exceptions which deviate from the intent of the protection. In *Callahan, supra,* the defendants argued that their violation was trivial because appellant/buyer initiated the transaction. The Supreme Court reiterated and expanded its decision in *Pencheff, supra,* that failure to comply with R.C. 1707.44(C)(1) is *per se* material and affects the

protection contemplated by the law and entitles the purchaser to rescind regardless of who initiates the transaction.

I recognize that the *Callahan* case dealt with an unregistered security, the sale of which was instigated and structured by the purchaser, unlike in the instant case where the exemption was sought after the sixty days allowed by law. However, I view *Callahan* from the rule behind the decision, which is that any extension or grace period beyond the sixty days should be granted only by the legislature and not by the courts. Therefore to comply with the spirit of the protection the law affords a purchaser, a failure to register a security or seek exemption within the sixty days provided by R.C. 1707.03(Q)(4) is *per se* a material violation which affects the protection contemplated by the statutory provision and entitles a purchaser of the unregistered/unexempted securities to relief provided by R.C. 1707.43, even though a later filing occurred.

My reasoning is bolstered in the recognition by the dissent in *Callahan, supra,* of the implication of the *Callahan* decision, on the issue of trivial or immaterial violation where Justice H. Brown stated at 78, 567 N.E.2d at 1038, that:

"The majority concedes that it has 'expanded' the law as set forth in *Pencheff v. Adams* (1983), 5 Ohio St.3d 153, 5 OBR 318, 449 N.E.2d 1277, in order to reverse the decision below by the court of appeals. Further, the majority fails to analyze *Bronaugh v. R. & E. Dredging Co.* (1968), 16 Ohio St.2d 35, 45 O.O.2d 321, 242 N.E.2d 572, *wherein we held in paragraph one of the syllabus that a purchaser is not entitled to restitution of the purchase price where the violation of the Ohio Securities Act is of such a trivial nature as not to affect the protection* contemplated by the violated provision." (Emphasis added.)

Implicit in this reason is that the majority in *Callahan, supra,* ignored the trivial nature of the violation by allowing rescission. I also draw some inspiration from decisions from other jurisdictions that have concluded that a later registration does not rectify the failure to timely file and does not affect the purchaser's right to rescind. See *United Bank & Trust Co. v. Joyner* (1932), 40 Ariz. 229, 232–233, 11 P.2d 829, 832–833; *Randall v. Beber* (1951), 107 Cal.App.2d 692, 699–700, 237 P.2d 994, 999–1000. So for the reasons stated *supra,* I concur with the majority.

### III

Appellees further argue that scienter must be shown before rescission can be available. The majority gives its stamp of approval to this argument. This line of reasoning undermines the *Callahan* decision and another line of cases which holds that rescission is available if the violation materially affects the protective goals of the states' security laws. See *Pencheff, supra, Bronaugh v. R & E.*

*Dredging Co.* (1968), 16 Ohio St.2d 35, 40–41, 45 O.O.2d 321, 324, 242 N.E.2d 572, 576; *Roger v. Lehman Brothers Khun Loeb, Inc.* (S.D.Ohio 1985), 621 F.Supp. 114, 118; *Martin v. Steuber* (S.D.Ohio 1979), 485 F.Supp. 88, 97, affirmed (C.A.6, 1981), 652 F.2d 652; *Mazza v. Kozel* (N.D.Ohio 1984), 591 F.Supp. 432, 435.

Therefore, in the instant case, since appellees' failure to comply with R.C. 1707.44(C)(1) materially affects the protection contemplated by the statutory provisions, appellants are entitled to a rescission as a matter of law and a showing of scienter as argued by appellees and agreed to by the majority becomes an unwarranted obstacle to recovery from a plain statutory violation.

Since R.C. 1707.43 addresses the purchaser's right to rescind and recover court costs if necessary in a civil proceeding, a separate proof of scienter, as appellees argue after determining that the violation materially affects the protection contemplated by the law, is an unacceptable attempt to circumvent the intent of the law. An independent proof of scienter becomes necessary and within the spirit and intent of the provision only if the seller is being criminally prosecuted for the violation. This portion of the statute after all serves to protect the consumer by giving him relief after the violation. It is not a punishment for the seller which should require a proof of knowingly and intentionally if the state initiates a criminal proceeding.

It is my opinion that the majority's holding which requires actual proof of knowledge and intent is an improper statement of the law and inconsistent with what the Ohio General Assembly intended the security laws to accomplish. This holding unfortunately would serve as ammunition for a seller who might have blatantly violated the security laws to escape unperturbed. It is obvious from the reasoning of the majority that the spirit of the securities legislation is undermined if we require that a plaintiff prove that a seller knowingly violated the act. It is axiomatic that one can knowingly do an act without knowing that the act is a violation of the law. See *Rashed v. Cherokee Motors, Inc.* (Mar. 11, 1981), Hamilton App. No. A 8006561, unreported. I know that the ancient maxim remains true today as it was at common law, that: *Ignorantia legis neminem exusat.* If so, then it should be without a question that the seller need not have knowingly and intentionally violated the statute; it need only have knowingly committed the act which was found to violate the statute.

Addressing an attempt by a party to use "knowingly" as a subterfuge to its liability, the Ohio Supreme Court held in *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 30, 548 N.E.2d 933, 935, that:

"This legislative purpose is better safeguarded by finding that 'knowingly' committing an act or practice in violation of R.C. Chapter 1345 means that the supplier need only intentionally do the act that violates the Consumer Sales

Practices Act. The supplier does not have to know that his conduct violates the law for the court to grant attorney fees."

The court continued:

"We find that the plain meaning of R.C. 1345.09(F)(2) dictates the *Brooks* [*v. Hurst Buick–Pontiac–Olds–GMC* (1985), 23 Ohio App.3d 85, 23 OBR 150, 491 N.E.2d 345] result and comports with the legislative intent. The language ' * * * knowingly committed an act or practice that violates this chapter' requires that for liability to attach, a supplier must have committed a deceptive or unconsciona-ble act or practice. This conduct must violate the Consumer Sales Practices Act. The statutory language does *not* state that the supplier must act with the knowledge that his acts violate the law, as appellee contends. 'Knowingly' modifies 'committed an act or practice' and does not modify 'violates this chapter.' " (Emphasis *sic.*)

Accordingly, I would reverse this cause and grant judgment for appellant on all issues. I, therefore, concur in part and dissent in part.