**CRATER, Appellee,**

v.

**INTERNATIONAL RESOURCES, INC., et al., Appellants.**

[Cite as *Crater v. Internatl. Resources, Inc.* (1993), 92 Ohio App.3d 18.]

Court of Appeals of Ohio,
Summit County.

No. 16301.

Decided Dec. 29, 1993.

*John Landolfi,* for appellee.

*Stanley Everett* and *Sallie Conley Lux,* for appellants.

*William Boone, Jr.,* for appellants.

---

REECE, Judge.

The defendants-appellants, International Resources, Inc. ("IRI") and Arthur Driver, appeal from the trial court's entry of summary judgment in favor of the plaintiff-appellee, Elizabeth V. Crater, on her claim for restitution of the purchase price she paid for securities issued by IRI. We affirm.

Sometime in 1988, Driver, the president of IRI, sent Crater informational literature on investing in oil and gas leases. Following this, Driver phoned Crater several times to explain the investment. Between December 1988 and December 1989, Crater purchased several working interests in oil and gas leases

from IRI. Crater paid a total price of $186,418.91 for these interests. In 1989, 1990, and 1991, Crater earned a return on her investment in the working interests, receiving a total of $36,541.99 in interest income during this period.

In late 1991, Crater asked Driver to sell or repurchase a portion of her interests. Apparently, Driver was uncooperative. In January 1992, Crater consulted with her attorney. Crater's attorney informed her that IRI's sale of the working interests violated Ohio's securities laws because the interests were neither registered with the Ohio Division of Securities nor exempt from registration. As a result, Crater tendered the working interests back to IRI by certified mail on February 11, 1992.

On March 13 and 19, 1992, in response to Crater's inquiries, the Ohio Division of Securities ("the division") issued certificates stating that IRI and Driver had not been licensed as securities dealers by the division at the time the working interests were sold to Crater. Likewise, on March 23, the division issued certificates stating that the division did not have on record either a claim of exemption or an application for registration filed by IRI or Driver relative to the working interests. On March 27, based on these apparent securities violations under R.C. Chapter 1707, Crater filed a complaint against IRI and Driver ("appellants") seeking to void the sale of the working interests and to recover her purchase price in full.

Crater and the appellants both moved for summary judgment. On April 28, 1993, the trial court granted Crater summary judgment. The court found that the appellants had violated R.C. 1707.44(C)(1) by selling securities that were neither registered nor exempt from registration. The court also found that the appellants had violated R.C. 1707.14(B) and 1707.44(A) because they were not licensed as dealers when they sold the working interests. Additionally, the court determined that these two claims were not barred by the limitations period in R.C. 1707.43 because Crater did not have reason to know that the sale of the working interests was unlawful until informed of the securities violations by her attorney. Finally, the court determined that under R.C. 1707.43 Crater was entitled to full restitution of her purchase price without a setoff or reduction for any tax benefits or the amount of income she had received from the investment. Consequently, the trial court entered judgment in favor of Crater for $186,418.91. From this judgment, the appellants raise four assignments of error.

We will first address the appellants' second assignment of error concerning their violation of R.C. 1707.14(B) and 1707.44(A) for being unlicensed security dealers. R.C. 1707.14(B) provides in part that "[n]o person shall sell securities within this state or engage in the business of buying, selling, or dealing in securities otherwise than in transactions through or with a licensed dealer, unless such person is a licensed as a dealer by the division * * *." The appellants

contend in their second assignment of error that they were not required to be licensed dealers because they qualified for specific licensing exceptions listed in R.C. 1707.14(B)(1) and (2).[1]

First, the appellants claim an exception from licensing under R.C. 1707.-14(B)(1). This exception requires compliance with specific provisions of R.C. 1707.03. The appellants rely upon the exceptions listed in R.C. 1707.03(O) and (Q). Second, the appellants claim an exception from licensing under R.C. 1707.14(B)(2). This exception requires compliance with R.C. 1707.06, which in turn ultimately requires compliance with R.C. 1707.08. Common to each of these licensing exceptions cited by the appellants, however, is the basic requirement that the issuer of the securities complete some form of filing with the Division of Securities. See R.C. 1707.03(O)(7), 1707.03(Q)(4), and 1707.08 (registration by description). In this case, the Division of Securities has certified that it does not have on record any filing by the appellants concerning the working interests sold to Crater, nor do the appellants contend that they attempted to undertake such a filing.

The general rule is that when a defendant has made no attempt to either file the appropriate securities registration or obtain an exemption from registration, the defendant may not claim that the resulting securities violation did not materially affect the protection contemplated by R.C. Chapter 1707. *Obenauf v. CIDCO Invest. Serv., Inc.* (1990), 54 Ohio App.3d 131, 133, 561 N.E.2d 1070, 1072. Thus, even though a transaction may be potentially eligible for an exemption, the failure to actually register or comply with that exemption violates the protection afforded by R.C. Chapter 1707. See *Bell v. Le–Ge, Inc.* (1985), 20 Ohio App.3d 127, 131, 20 OBR 160, 163, 485 N.E.2d 282, 285 (actual registration required under R.C. 1707.44[C][1]).

In the present case, the appellants claim that they were not required to be licensed under at least three provisions of R.C. Chapter 1707. The appellants, however, never attempted to complete any of the filings required by these provisions. Accordingly, the appellants' failure to file materially affected the protection contemplated by R.C. Chapter 1707, and the trial court properly found as a matter of law that they were unlicensed dealers in violation of R.C. 1707.14(B) and 1707.44(A) at the time they sold the working interests to Crater. The appellants' second assignment of error is overruled.

---

1. The language in R.C. 1707.44(A) mirrors both the general prohibition against unlicensed dealers and the exceptions to licensing enumerated in R.C. 1707.14(B). Therefore, our analysis of the appellants' violation of R.C. 1707.14(B) is equally applicable to their violation of R.C. 1707.44(A).

Pursuant to R.C. 1707.43, any sale or contract for sale that violates R.C. Chapter 1707 is voidable at the election of the purchaser, entitling the purchaser to full restitution of the purchase price. The appellants nevertheless argue that even if they were required to be licensed dealers, Crater cannot invoke the remedy in R.C. 1707.43 because her claim is barred by that statute's limitations period.

R.C. 1707.43 sets forth the following limitations period:

"No action for the recovery of the purchase price as provided for in this section * * * shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more than four years from the date of such sale or contract of sale, whichever is the shorter period."

The appellants contend that Crater had reason to know that the transactions were unlawful because the prospectus she received at the time of her purchases stated that the securities were unregistered, indicating a violation of R.C. 1707.44(C)(1). This is the same argument that the appellants raise in their first assignment of error, which contests the trial court's determination that the appellants violated R.C. 1707.44(C)(1) by selling unregistered and nonexempt securities to Crater. Without addressing the merits of the appellants' first assignment of error, we find that Crater's claim based on the appellants' unlicensed status was not barred by the limitations period in R.C. 1707.43.

The purpose behind R.C. Chapter 1707 is "to protect the public from its own stupidity, gullibility and avariciousness" by preventing securities from being sold without first subjecting both the securities and the securities dealers to reasonable licensing and registration requirements. *Bronaugh v. R. & E. Dredging Co.* (1968), 16 Ohio St.2d 35, 40–41, 45 O.O.2d 321, 324, 242 N.E.2d 572, 576. Accordingly, to fully effectuate the protection afforded by the securities laws, R.C. 1707.44(C)(1) and 1707.44(A) create two distinct causes of action, the former designed to protect the investor against unregistered securities and the latter designed to protect the investor against unlicensed dealers. As two distinct causes of action, their limitations period runs separately. Therefore, the determination of whether a purchaser "knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful" must be applied separately to both the unlawful act of selling unregistered securities and to the unlawful act of being an unlicensed dealer. See *J.J. Ent. v. Hawk Energy Co.* (Jan. 28, 1987), Summit App. No. 12589, unreported, at 4–6, 1987 WL 6066 (making separate determinations as to whether R.C. 1707.43 barred the plaintiff's unregistered securities and unlicensed dealer claims).

■ The prospectus Crater received indicated only that the working interests had not been registered under any state or federal securities acts. This fact by itself does not indicate that the appellants were unlicensed dealers. The appellants did not set forth any additional facts indicating that Crater had reason to know of their unlicensed status. Consequently, regardless of whether the prospectus gave Crater notice that the appellants were illegally selling unregistered securities, the prospectus did not provide Crater with facts from which she would have had reason to know that the appellants were unlicensed dealers.

In the absence of a factual background that shows Crater knew the appellants were unlicensed, the R.C. 1707.43 limitations period began to run only upon Crater's actual discovery of the appellants' unlawful act. See *Sorenson v. Tenuta* (1989), 62 Ohio App.3d 696, 701–702, 577 N.E.2d 408, 411–412. Crater did not have actual knowledge that the appellants were unlicensed dealers until she consulted with her attorney in January 1992. The Division of Securities confirmed this fact in March 1992. Crater filed her complaint on March 27, 1992. Thus, Crater's claim that the appellants were unlicensed securities dealers in violation of R.C. 1707.14(B) and 1707.44(A) was not barred by the two-year limitations period.

Because we find that the trial court properly granted Crater summary judgment on her unlicensed dealer claim, we do not need to address the appellants' first assignment of error and decide whether Crater's unregistered securities claim was barred by R.C. 1707.43.

■ In their third assignment of error, the appellants argue that the trial court erred in granting summary judgment on the restitution issue because there were genuine issues of material fact remaining as to the amount Crater paid for the working interests.

In an affidavit attached to her motion for summary judgment, Crater stated that she had purchased six working interests from the appellants for a total price of $141,825.51. Crater filed a supplemental affidavit stating that she had omitted from her first affidavit two additional working interests that she had purchased from the appellants for $44,593.40. The appellants contend that these two affidavits are inconsistent statements that create a genuine issue of material fact. We disagree.

Crater's supplemental affidavit contains no facts that conflict with her first affidavit. On the contrary, she offered only additional evidence concerning two different working interests. This additional evidence in no way altered her calculation of the purchase price for the six working interests identified in the first affidavit. The appellants' claim that an inconsistency exists between the affidavits is unfounded.

■ In reviewing a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Stemen v. Shibley* (1982), 11 Ohio App.3d 263, 268, 11 OBR 441, 447, 465 N.E.2d 460, 466. However, if the nonmoving party fails to produce countering affidavits, the moving party's affidavits are accepted as true. *Id.* The appellants here did not submit any affidavits that either disputed Crater's purchase of the two additional working interests or countered Crater's evidence concerning the price she paid for all of the interests. Therefore, because the appellants failed to produce evidence that indicated a genuine factual dispute as to the purchase price, the trial court properly accepted Crater's affidavits as true. The appellants' third assignment of error is overruled.

■ In their fourth and final assignment of error, the appellants argue that any restitution Crater receives should be reduced by the income she earned from the working interests and any tax benefits she accrued. To support this argument, the appellants contend that the purpose of R.C. 1707.43 is "to put the parties in the position they had been in prior to the investment."

R.C. 1707.43 specifically provides for full restitution of the plaintiff's purchase price. It is not an equitable remedy but instead "a statutory right derived from the illegality of the transaction." *Sorenson,* 62 Ohio App.3d at 703, 577 N.E.2d at 413. As such, it is designed to redress the defendant's unlawful securities transactions by restoring "the full amount paid by [the] purchaser," regardless of the ultimate success or failure of the investment. The fact that Crater received a return on her investment and may have enjoyed certain tax benefits does not change the illegality of the appellants' actions nor does it alter the operation of the statute. Therefore, the trial court properly entered judgment in favor of Crater for the full amount of her purchase price. The appellants' fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.