OPINION
{¶ 1} Plaintiffs-appellants, Federated Management Company et al., appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment for defendant-appellee, Fleet Bank, N.A. ("Fleet Bank"). Fleet Bank has cross-appealed, asserting that the trial court failed to consider additional grounds supporting summary judgment.
 {¶ 2} This case arises out of the financial collapse of Mid-American Waste Systems, Inc. ("MAW"), an Ohio-based waste management company and landfill operator. Appellants are institutional investment advisors and brought the action in a representative capacity on behalf of clients who sustained losses after investing a 1994 public offering of Senior Subordinated Notes ("the notes") issued by MAW. (MAW entered bankruptcy proceedings in 1997.) Appellants named as defendants, inter alia, three of MAW's former officers, MAW's public accounting firm Coopers Lybrand, and the underwriters of the note offering, NatWest Capital Markets Limited and Donaldson, Lufkin Genrette Securities Corporation. A subsequent amended complaint added defendants National Westminster Bank PLC and Fleet Bank. The gist of the action was that the defendants had in various capacities acted to inflate the value of the notes by misrepresenting or concealing MAW's true financial circumstances. Fleet Bank is the only defendant directly involved in this appeal.
 {¶ 3} The present case is one of several that arose out of MAW's collapse.[1] The facts of the present case were extensively reviewed in a prior decision of this court,Federated Mgt. Company v. Coopers Lybrand (2000),137 Ohio App.3d 366, ("Federated I") and will only be reiterated to the extent necessary to define and decide the issues specifically raised in this appeal. Appellee Fleet Bank is a party-defendant in this matter as successor by merger to National Westminster Bank USA, which provided credit facilities and advice to MAW prior to and after the note offering of 1994. Appellants asserted that Fleet Bank's predecessor had assisted in the dissemination of false and misleading information in the note prospectus, and profited therefrom because, inter alia, the note offering proceeds permitted MAW to repay a line of credit issued in part by National Westminster Bank USA and upon which MAW had defaulted. In 1998, the trial court granted summary judgment on six of appellants' 11 claims against Fleet Bank: aiding and abetting common law fraud; breach of contract; breach of fiduciary duty; violations of Sections 11 and 12 of the Federal Securities Act of 1933; violation of Section 12(2) of the Federal Securities Act of 1933; and violation of Section 17 of the Federal Securities Act of 1933. In 1999, the trial court granted summary judgment on the five remaining claims: common law negligence; common law negligent misrepresentation; common law fraud; violation of R.C. 1707.41; and violation of R.C. 1707.43. Appellants then settled their claims against Coopers Lybrand, NatWest Capital Markets, and National Westminster Bank PLC and instituted an appeal to this court, which affirmed the summary judgment granted by the trial court in favor of Fleet Bank on all claims except the two Ohio Securities Act claims under R.C.1707.41 and 1707.43. Federated I, supra.
 {¶ 4} Upon remand, appellants elected to pursue their claim for damages pursuant to R.C. 1707.41, foregoing the available statutory remedy of rescission under R.C. 1707.43. Appellee again moved for summary judgment on three grounds: (1) appellants had suffered no uncompensated damages by virtue of having recovered their entire losses through settlements with the other defendants and participation in the bankruptcy proceedings; (2) claims related to after-market acquisitions of the notes (as opposed to appellants' purchases at the initial offering) could not be maintained as Fleet Bank had derived no profit from these after-market transactions; and (3) appellants could not establish the necessary proof that their loss had been caused by the misleading statements included in the prospectus. The trial court overruled appellee's motions for summary judgment on the after-market claims and loss causation grounds, but granted summary judgment on the third ground by finding that appellants had already been fully compensated for their losses. The trial court specifically held that R.C. 1707.41 does not provide for recovery of damages in the form of the time value of money foregone by investing in fraudulent securities. While the court did not explicitly so state, implicit in the court's finding that appellants had already been fully compensated are the corollary determinations that appellants' damages would be valued as the purchase price for the securities, that all other sources of compensation would be applied dollar-for-dollar against any possible liability incurred by appellee, and that these collateral recoveries obtained through settlement with other defendants and participation in the bankruptcy estate exceeded the amount recoverable under R.C. 1707.41. The trial court subsequently entered an order clarifying that this ruling disposed of all remaining issues as between appellants and appellee and staying proceedings against the remaining individual defendants pending an appeal of the trial court's latest decision.
 {¶ 5} Both parties have timely appealed. Appellants bring the following assignment of error:
The Trial Court erred in its Decision and Entry of January 14, 2003, by granting Summary Judgment in Fleet Bank, N.A.'s favor on Plaintiffs' claim under § 1707.41 of the Ohio Securities Act.
 {¶ 6} Fleet Bank brings the following assignments of error on cross-appeal:
I. The Trial Court Erred in Denying the Motion of Defendant Fleet Bank, N.A. for Summary Judgment Based on Res Judicata, App. 0618, by its October 18, 2001 Decision and Entry Overruling Defendant's Motion for Summary Judgment Filed on March 28, 2001 and Granting Plaintiff's Cross Motion for Summary Judgment Filed on April 27, 2001.
II. The Trial Court Erred in Denying the Motion of Defendant Fleet Bank, N.A. for Summary Judgment on Aftermarket Claims, App. 0714, by its January 10, 2003 Decision and Entry.
III. The Trial Court Erred in Denying the Motion of Defendant Fleet Bank, N.A. for Summary Judgment on the Ground that Plaintiffs Cannot Establish Loss Causation, App. 0724, by its January 10, 2003 Decision and Entry.
 {¶ 7} We initially note that this matter was decided by summary judgment, which under Civ.R. 56(C) may be awarded only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v.Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. An appellate court's review of summary judgment is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Bard v. Society Natl. Bank, n.k.a. KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court, reversing or affirming on any of the legal or factual grounds raised by the movant.
 {¶ 8} Although the complete factual and procedural context of this case presents some complexity, the parties to the present appeal agree that the issue currently before this court is a narrow one: does R.C. 1707.41 contemplate an award for the loss of the time value of an investment as part of compensatory damages, and if so, have appellants already been fully compensated from other defendants and sources for their losses.
 {¶ 9} We will first address the question of whether damages in the form of the time value of money may be recovered under R.C. 1707.41. The applicable version of the statute, which has since been amended, is the one in effect at the time of the note offering in the present case, and provides in pertinent part as follows:
In addition to the other liabilities imposed by law any person who, by a written or printed circular, prospectus, or advertisement, offers any security for sale, or receives the profits accruing from such sale, is liable, to any person who purchased such security relying on such circular, prospectus, or advertisement, for the loss or damage sustained by such relying person by reason of the falsity of any material statement contained therein or for the omission therefrom of material facts, unless such offeror or person who receives the profits establishes that he had no knowledge of the publication thereof prior to the transaction complained of, or had just and reasonable grounds to believe such statement to be true or the omitted facts to be not material. * * *
 {¶ 10} The threshold question before us is whether the phrase "liable * * * for the loss or damage sustained" by relying purchasers is limited to liability for the price of the securities, or may include additional amounts representing the time value of money foregone due to the failed investment. Appellants argue that the sums involved and time elapsed between default and recovery in this case make a mere recovery of the purchase price or face value of the securities completely disproportionate to the loss suffered. To support this proposition appellants presented before the trial court expert testimony that set forth various methods of computing the foregone income. Appellee argued, and the trial court accepted, that because the statute makes no reference to pre-judgment interest as an available remedy, the award would be strictly limited to the amount invested. Because we find this interpretation of R.C. 1707.41 would deprive plaintiffs of any semblance of full compensation in this and many securities fraud cases, and that it is contrary to the express and implied intent of the statute, we reverse on this issue.
 {¶ 11} Appellee relies heavily upon a case from this court,Sorenson v. Tenuta (1989), 62 Ohio App.3d 696, in which this court denied an award of pre-judgment interest in a claim brought under another Ohio Securities Act section, R.C. 1707.43. As that case specifically points out, however, the remedy called for under R.C. 1707.43 is rescission of the investment transaction and recovery of the purchase price. We held that this is "a statutory right derived from the illegality of the transaction rather than a recovery applicable from the face of [the] transaction." The statutory section at issue before us, R.C.1707.41, and 1707.43, which was at issue in Sorenson are, however, alternative remedies and a holding on one is not instructive on the other. The trial court in the present case correctly acknowledged the difference and ordered appellants to elect their remedy, which they did in choosing to proceed under R.C. 1707.41. Because R.C. 1707.43 specifically defines its remedy as rescission, and R.C. 1707.41 provides a much broader scope of damages, Sorenson is not only distinguishable, it is inapposite.
 {¶ 12} Ohio's anti-fraud securities provisions are to be liberally construed. In re Columbus Skylines Securities, Inc.
(1996), 74 Ohio St.3d 495, 498; Federated I, supra. It is well-established that under Ohio common law, the time value of money is recoverable as a component of compensatory damages. The applicability of interest in order to "make a claimant whole" extends beyond cases specifically invoking Ohio's pre-judgment interest statute, R.C. 1343.03, Heinz v. Steffen (1996),112 Ohio App.3d 174, 188, and extends to cases in which the specific pre-judgment interest statute is inapplicable but in which some measure of time value of money must be awarded in order to provide meaningful compensation and make the aggrieved party whole. Little Forest Med. Ctr. of Akron v. Civ. Rights Comm.
(1993), 91 Ohio App.3d 76 (award of pre-judgment interest on back pay damages awarded were necessary to restore employee to the economic position occupied had discrimination not occurred);Hoskins v. Smith (Nov. 16, 2000), Franklin App. No. 00AP-211 (plaintiff entitled to an award of common-law pre-judgment interest even where R.C. 1343.03 was inapplicable). In DeSantisv. Smedley (1986), 34 Ohio App.3d 218, the court affirmed an award of damages, including pre-judgment interest, against an investment solicitor even in the absence of a statutory claim for pre-judgment interest under R.C. 1343.03, because "[t]he interest was in the nature of compensatory damages not a penalty. It is within the discretion of the trier of fact to include an element of interest within the damage award." (Citations omitted.) Id. at 221. A similar result was reached in Phoenix Phase I Assocs. v.Ginsberg, Guren Merritt (1985), 23 Ohio App.3d 1, 4, finding that "[t]he interest that was awarded by the trial court * * * was compensatory, non-statutory interest. As such it constituted part of [plaintiff's] damage award."
 {¶ 13} While appellee correctly points out that no case has specifically awarded pre-judgment interest in an R.C. 1707.41
case, there is conversely nothing in R.C. 1707.41 that affirmatively limits the scope of damages to be awarded. In fact, the term "loss or damage sustained" in the statute could hardly be broader, and bearing in mind the remedial nature of the statute and our determination to interpret it liberally, there is no reason to preclude the award of any form of damages required to make a claimant whole. Moreover, the general liabilities and remedies section under the Ohio Securities Act, R.C. 1707.40, clearly establishes that remedies created under the act are in addition to and do not foreclose common-law remedies unless the act specifically so provides. Appellee asserts that, since appellants' common-law fraud and other claims have gone by the boards in the present case, so too must any component of statutory recovery that resembles or maintains the common-law aspect. We do not find this persuasive. R.C. 1707.41 provides an award of "damages sustained," and nowhere in that section or any other part of the Ohio Securities Act can appellee point to any restriction on the power of the court to craft a measure of damages suitable to make the aggrieved party whole. In the present case, the claimants have been deprived of the use of a sum in excess of one hundred million dollars over a period of years. We find that there is no limitation upon the trial court, beyond the state of the evidence and the dictates of conscience, to award the time value of the money involved if appellants can demonstrate damages in this respect.
 {¶ 14} Because we find that R.C. 1707.41 permits an award that includes compensation for the time value of money, and because the record shows that appellants placed before the trial court sufficient expert testimony to maintain a material issue of fact on the question of whether such damages had in fact been incurred, determination of such damages becomes a question of fact to be resolved by the trial court based upon the credibility of the evidence and other factors properly before the court. Summary judgment for appellee on this basis was therefore improper.
 {¶ 15} We now turn to the question of whether appellants have already been fully compensated through participation in the bankruptcy settlement and monetary settlements with other defendants in the present case. The trial court's decision in the present case implicitly, if not explicitly, finds that the full amount of prior payments received by appellants must be applied to any recovery from Fleet Bank under R.C. 1707.41, and that, in the absence of any award for the time value of money, appellants have already been fully compensated and can pursue no further recovery. Because the trial court has not made an express and detailed determination as to the application of prior payments to any amounts still due, we will address this question in general enough terms to allow the trial court to decide the issue on the developed facts that are lacking as the appeal stands before us.
 {¶ 16} Appellants' claims in the present case concern $118,865,000 in face value of MAW notes, purchased for a total price of $111,611,337. Some of these purchases were apparently made in the initial offering, others may have taken place through after-market transactions. Appellants have received $68,286,851 in distributions from MAW's bankruptcy proceedings, and an additional $47,000,000 in settlement proceeds from other defendants in the present action. Whether all of the sums received from the bankruptcy court or other defendants are applicable on a dollar-for-dollar basis to the claims against Fleet Bank is a question that must be directly addressed and resolved upon remand by the trial court. Computation of the measure of damages awardable for the time-value of money on the present facts shall also be a question of fact for the trial court to determine upon remand, as would any apportionment of damages based upon an eventual allocation of liability among Fleet Bank and the other defendants, if applicable. Once the trial court has made its determination as to the existence of any liability on the part of appellee, the dollar amount of that liability, and the amount to which it exceeds payments already received by appellants, the court shall apply past payments to the amount due according to the general rule in Ohio that, where partial payments on a judgment or amount owed are made, they will be applied first to accumulated interest, and only when exceeding interest will the balance be applied to principal. Viock v.Stowe-Woodward Co. (1989), 59 Ohio App.3d 3, 8; First Bank ofMarietta v. Roslovic Partners, Inc., Franklin App. No. 03AP-332, 2004-Ohio-2717.
 {¶ 17} In summary, there remain material issues of fact as to whether appellants have been fully compensated for loss or damage sustained by appellee's participation in the note offering, and an appropriately tailored award of pre-judgment interest may be available to appellants if proven necessary to make them whole under their R.C. 1707.41 claim. The trial court accordingly erred in granting summary judgment for appellee, and appellants' assignment of error is sustained.
 {¶ 18} We now turn to the three assignments of error brought on cross-appeal by Fleet Bank. All of these assignments of error allege error on the part of the trial court in denying Fleet Bank's motions for summary judgment on alternative grounds. Denial of a motion for summary judgment is generally not a final appealable order. State ex rel. Overmeyer v. Walinski (1966),8 Ohio St.2d 23; Lelux v. Chernick (1997), 119 Ohio App.3d 6. As this case is presently postured, denial of Fleet Bank's other motions for summary judgment did not determine the action or prevent a subsequent judgment in Fleet Bank's favor, and thus, did not constitute a final appealable order under R.C. 2505.02.Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90; Poluka v.Ohio Adult Parole Auth., Franklin App. No. 02AP-484, 2003-Ohio-153. All three of Fleet Bank's assignments of error, therefore, raise issues not properly before this court, and are overruled.
 {¶ 19} In accordance with the foregoing, appellants' assignment of error is sustained, appellee Fleet Bank's three assignments of error on cross-appeal are overruled, and the judgment of the Franklin County Court of Common Pleas is reversed. The case is remanded for further proceedings in accordance with law and this opinion.
Cause reversed and remanded.
Bowman and Sadler, JJ., concur.
[1] See, e.g., Federated Mgt. Co. v. Latham Watkins (2000),138 Ohio App.3d 815; Bovee v. Coopers Lybrand (S.D.Ohio 2002), 211 F.Supp.2d 985; In re Mid — American Waste Systems,Inc. (Bankr.Ct.D.Del. 1999), 228 B.R. 816.